August 27, 2019

**<u>VIA ELECTRONIC MAIL</u>**
Magistrate Judge Charles B. Day
mdd_cdbchambers@mdd.uscourts.gov

   Re:  *Hispanic Nat'l Law Enforcement Ass'n, et al. v. Prince George's Cty., et al.*

Dear Judge Day:

  I represent Defendants in this action. I am submitting this letter pursuant to the Court's Memorandum Order (ECF No. 59) in advance of the teleconference scheduled for tomorrow.

  Defendants seek the Court's assistance in resolving a narrow discovery dispute. The parties have reached an impasse on the question of *who* should be permitted to receive, review, and determine the relevance of healthcare records produced by Plaintiffs' identified providers. Plaintiffs argue that *only their counsel* should be permitted this opportunity. On the other hand, Defendants believe that they are entitled to a fair opportunity to review the records and brief any relevance issues.

  Plaintiffs have placed their healthcare records – specifically, records related to any mental, emotional, or psychological treatment or conditions – squarely at issue in this action. All Plaintiffs allege that they have suffered "severe emotional distress, pain, and humiliation." (Am. Comp. at ¶¶ 270, 275, 290.) Defendants intend to subpoena the healthcare records relevant to this claim from each of Plaintiffs' identified providers.[1] Plaintiffs do not object to the use of subpoenas.

  There is no dispute about the appropriate scope of the document request to be included in the subpoenas. The parties agree that the subpoenas will seek only "records . . . that relate to plaintiffs 'seeking or receiving treatment for any psychological, emotional or mental condition or illness from any psychiatrist, psychologist, physician, counselor, or healthcare practitioner or provider since January 1, 2015.'" (See M. Alsip letter to Hon. Charles B. Day, ECF No. 78.) This would include all records that: "(1) evidence such treatment or a discussion or decision that such treatment was or was not necessary; (2) otherwise show [a Plaintiff] did not suffer from emotional distress; (3) concern a history of mental illness, emotional distress, or mental anguish; or (4) identify stress, stressors, or trauma which was viewed as an alternative or contributing source of alleged stress or mental anguish." (Id.)

  Under Plaintiffs' proposal, Plaintiffs' counsel – and only Plaintiffs' counsel – would receive and review the records. Plaintiffs would then review the records and decide for themselves if any documents are irrelevant (or should be withheld from Defendants on some other basis). Plaintiffs would presumably submit any such documents to the Court for <u>in camera</u> review, along with a motion for protective order that would likely be filed under seal. At most, Defendants might get a redacted copy of the motion.

---

[1]  Most Plaintiffs have identified healthcare providers in response to IROG No. 18, which requested the identity of "every psychiatrist, psychologist, physician, counselor or health care practitioner or provider with whom you have consulted for any emotional, mental or psychological condition, injury or illness since January 1, 2015[.]"

Under Plaintiffs' proposal, Defendants would have no opportunity to review the documents at issue, and thus would be denied the chance to make meaningful arguments to the Court about the relevance of a record. Plaintiffs' approach would also contravene the Court's rules requiring the parties to seek to informally resolve discovery disputes before seeking the Court's assistance. If given the chance to review the records, Defendants might agree with Plaintiffs that certain records are irrelevant, thus resolving the issue without burdening the Court.

Defendants have proposed a *simultaneous production of the records to both sides*. Specifically, Defendants have proposed the following to Plaintiffs:

1. Defendants will serve subpoenas on the providers.
2. Each subpoena will be accompanied by: (a) a HIPAA waiver or other acknowledgement from Plaintiffs that there is no objection to the production of the requested documents; and (b) a direction that copies of all produced records be sent simultaneously to counsel for both sides.
3. Upon receipt of the records, Defendants' counsel will hold them under an "attorneys' eyes only" designation for five (5) business days (the "Initial Period"). Defendants will identify only two (2) attorneys who will be authorized to have access to the documents during the Initial Period.
4. During the Initial Period, Plaintiffs' counsel may designate any records for which they will seek a protective order. (The protective order would need to be filed within three (3) business days of the designation.) If a timely designation is made, the affected records would remain protected under the attorneys' eyes only designation until resolution of the motion, or until Defendants agree that such records are irrelevant, while all other records would be treated as confidential under the terms of the previously-entered confidentiality order.

By proceeding in this fashion, *both sides* will have access to the documents, and, therefore, a level playing field to brief a protective order. There will likely be room for honest, good faith, and reasonable disagreements about whether certain documents are relevant to Plaintiffs' claims. Defendants' proposal will give *both sides* a fair opportunity to brief the issues, and, therefore, provide the Court with the customary benefits of the briefing process (*i.e.*, a full vetting of the issue from both sides). Moreover, as noted above, Defendants' proposal is the most efficient approach. If given the opportunity to review the documents, Defendants might agree with Plaintiffs that some are irrelevant. This would obviate the need for the Court to undertake painstaking <u>in camera</u> reviews of healthcare records, and to decide motions based on one-sided briefing. Finally, Defendants' "attorneys' eyes only" approach will respect Plaintiffs' desire to have time to review the records and move for relief, and ensure that any records be held in strict confidence while the issues are resolved.

Defendants thank the Court for its consideration of this important issue.

Respectfully submitted,

*/s/ Matthew R. Alsip*

_____
Matthew R. Alsip (Bar No. 28002)
Venable LLP
210 W. Pennsylvania Avenue, Suite 500
Towson, Maryland 21204
Tel: (410) 494-6200
Fax: (410) 821-0147
mralsip@venable.com

cc: John A. Freedman, Esquire
    Peter T. Grossi, Esquire
    Dennis A. Corkery, Esquire
    Deborah A. Jeon, Esquire
    Todd J. Horn, Esquire
    Vincent E. Verrocchio, Esquire

47501305/2