| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 1 | Defendant Magaw, Defendant Stawinski, Thomas Denault | James Harper, Jewel Graves | Thomas Denault | Denault referred to "his African-American commanding officer [*i.e.*, James Harper] as a 'baboon,' and a senior African-American civilian employee [*i.e.*, Jewel Graves] as an 'African Queen," or, alternatively, "'the Queen of an African Country'"<br><br>Magaw and Stawinski "overruled [the] recommendation" made by Internal Affairs that Denault be terminated for the above-referenced comments, and demoted Denault instead | Amended Complaint (cited herein as "Am. Compl."), ¶ 61(a); Plaintiff Michael Anis's Responses and Objections to Defendants' First Set of Interrogatories (cited herein as "Anis Responses"), Response 1, pp. 8, 20 |
| 2 | Defendant Magaw, Defendant Stawinski | Jewel Graves | N/A | Magaw "reduced [Graves's] responsibilities and excluded her from personnel decision meetings that she previously participated in, including discussions of transfers and promotions," after she complained regarding "racist and unethical incidents," including (1) "the use of a training dummy that was painted in black face and given an Afro wig," (2) the unspecified "unfair" treatment of minority officers, and (3) the fact that "Corporal Richard Smith was receiving payroll but had not shown up at work for almost a year;" Graves also joined the complaint to the DOJ | Anis Responses, Response 1, p. 19 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 3 | Defendant Stawinski, Darrin Rush, Sunny Mrotek, PGPD Generally | Terrence Andre Brown, Sean Miller, Latashia Pinckney, Earl Sharpe | Darrin Rush, Sunny Mrotek | Rush (1) "repeatedly used the slur 'nxxxa,'" (2) "asked African-American officers if they 'were hungry for chicken,'" (3) "circulated a racist video," and (4) "made misogynistic comments about the appearance of African-American women and sexual activities of Latina women"<br><br>Stawinski "lowered the recommended discipline" resulting from an Internal Affairs investigation of Rush's "derogatory comments," imposing a "$250 fine"<br><br>PGPD "transferred [Brown] from his squad" after Brown "complained that Rush made racist statements;" Brown joined the complaint to the DOJ<br><br>Mark Phillips also complained against Rush for "racist and unethical behavior"<br><br>PGPD (1) involuntarily transferred Miller, (2) "subjected [Miller] to a retaliatory IAD investigation," and (3) issued him "negative performance appraisals," after Miller "complained against [Rush] for making racist comments" and "reported [Rush] to IAD for unethical behavior; " Miller also joined the complaint to the DOJ, and filed a charge with the Equal Employment Opportunity Commission ("EEOC")<br><br>PGPD transferred Pinckney "[a]fter she complained about [Rush]"<br><br>PGPD "retaliated [against Sharpe] by having IAD open[] a stale investigation (from 2014)," and advised Sharpe that "he would be terminated if he did not accept a diminishment in rank," after he "provided a statement supporting [] Miller's complaint against [Rush];" Sharpe also joined the complaint to the DOJ and filed an EEOC charge<br><br>PGPD inadequately investigated and/or disciplined Mrotek, promoted him, and continues to employ him, despite the fact that he was the "[s]ubject of complaints for failing to appropriately investigate or discipline [] Rush" | Am. Compl., ¶ 61(b); Anis Responses, Response 1, pp. 12, 14, 16-17, 21-23 |
| 4 | Defendant Magaw, Defendant Stawinski | Mina Johnson | Unnamed "white female" | Magaw and Stawinski "denied relief" to Johnson when she raised the fact that she was "given approximately 40 percent less pay than a white female hired at the same time for the same position;" Johnson joined the complaint to the Department of Justice ("DOJ") | Anis Responses, Response 1, p. 19 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 5 | Defendant Stawinski, Defendant Mills, Kerri W. Jernigan, William Alexander | Major Pacheco | Kerry W. Jernigan | Jernigan "circulated pictures of a senior Latino officer [*i.e.*, "Major Pacheco"] with racist comments;" specifically, he "circulat[ed] a derogatory image of [Major Pacheco] with altered bug-eyes and his face superimposed on a voodoo doll"<br><br>Stawinski and Mills, "on information and belief," did not conduct an investigation or impose discipline in response to a complaint about the above-referenced conduct<br><br>Alexander "failed to adequately investigate complaints about derogatory images of [] Pacheco (a senior Latino officer)[,] including pasting his face on a voodoo doll and [] Jernigan's circulation of his photograph" | Am. Compl., ¶¶ 61(c), 68; Anis Responses, Response 1, pp. 6, 10 |
| 6 | Defendant Stawinski, Defendant Mills, Brian Selway, PGPD Generally | N/A | Brian Selway | Selway "obtained customized license plates for a personal vehicle with the acronym for 'Go F*** Yourself Obama," and routinely parked the vehicle in front of a PGPD station house"<br><br>Stawinski and Mills, "on information and belief," did not conduct an investigation or impose discipline in response to a complaint made to Stawinski regarding the license plates<br><br>PGPD promoted and continued to employ Selway after a complaint about the license plates "was made to [Defendant] Stawinski and then-Deputy Chief Raphael Grant" | Am. Compl., ¶¶ 61(d), 68 |
| 7 | Defendant Magaw | Cornelius Johnson | N/A | Magaw "disciplined [Johnson] more severely than white officers who engaged in similar conduct" when he "overrode the recommendation" of the trial board that Johnson receive a "two[-]week suspension, demotion, and remedial training" for "making a false statement and a firearms violation," and chose to terminate Johnson instead | Anis Responses, Response 1, p. 20 |
| 8 | Defendant Stawinski | Alan Acosta | N/A | Stawinski, "overrode the recommendation" that Acosta receive lesser discipline for "sending messages with his ex-girlfriend's new boyfriend," and instead "terminated [Acosta], punishing him more severely than white officers who engaged in comparable conduct;" Acosta joined the complaint to the DOJ | Anis Responses, Response 1, p. 16 |
| 9 | Defendant Stawinski, PGPD Generally | LaJoy Preston | N/A | Preston determined from interviews that "minority officers [had been] treated unfairly"<br><br>After Preston told Stawinski that "minority officers [had been] treated unfairly," Stawinski "told [Preston] there were no racial problems in the Department and terminated the conversation" | Anis Responses, Response 1, p. 22 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 10 | Defendant Mills, Scott W. Ainsworth | Unnamed "minority civilian employee" | Scott W. Ainsworth | Ainsworth "[m]ade racially derogatory comments to a minority civilian employee"<br><br>Mills "tried to change the findings" of the IAD "to support a lesser penalty" for Ainsworth | Anis Responses, Response 1, p. 6 |
| 11 | Defendant Mills, Joseph A. Ghattas, PGPD Generally | Unspecified "racial minorities" | Joseph A. Ghattas | Ghattas "tipp[ed] white officers about their cases," and he "engaged in insubordination and racial animus when investigating racial minorities"<br><br>Mills restored Ghattas to IAD and "placed him in charge of IAD criminal investigations," despite the fact that he had been "previously removed from IAD" for the above-referenced conduct<br><br>PGPD inadequately investigated and/or disciplined Ghattas, has promoted him, and continues to employ him, despite the above-referenced conduct | Anis Responses, Response 1, p. 9 |
| 12 | Defendant Mills, Cody Katzenmaier, PGPD Generally | Unnamed "African-American civilian" | Cody Katzenmaier | Katzenmaier was charged with "use of force and inappropriate language against an African-American civilian"<br><br>Mills "non-sustained the charge" against Katzenmaier for the above-referenced conduct, so that Katzenmaier "could receive a specialty assignment"<br><br>PGPD inadequately disciplined Katzenmaier, assigned him to "a specialty assignment," and continues to employ him, despite the above-referenced conduct | Anis Responses, Response 1, p. 10 |
| 13 | Defendant Mills, Mark Rimkus, Kyle G. Bodenhorn, PGPD Generally | Unnamed "HNLEA officer in IAD" | Mark Rimkus, Kyle G. Bodenhorn | Rimkus and Bodenhorn "urinat[ed] on the keyboard of an HNLEA officer in IAD;" they were "caught on camera" doing so<br><br>Mills "interceded to reduce [the] discipline" against Rimkus for the above-referenced conduct, and "kept him in IAD"<br><br>PGPD hired Rimkus "into a civilian job in the Homicide section" upon his retirement, despite the fact that he "was transferred" for the above-referenced conduct | Anis Responses, Response 1, pp. 7, 13 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 14 | Defendant Mills, Kerry W. Jernigan, PGPD Generally | Winston Chatman | N/A | Mills used "derogatory language about [Chatman]" and revoked "his authorization to work overtime," in discriminatory fashion<br><br>Mills retaliated against and harassed Chatman after he filed a complaint against Mills for the above-referenced conduct; Chatman also joined the complaint to the DOJ and filed an EEOC charge<br><br>PGPD retaliated against Chatman by denying his request to transfer, suspending him, terminating him, and blackballing him, all after he filed his complaint against Mills<br><br>Jernigan retaliated against and harassed Chatman by "commenc[ing] an IAD complaint against him" after Chatman filed his complaint against Mills | Anis Responses, Response 1, pp. 17-18 |
| 15 | Defendant Mills | Sherron Johnson | N/A | Mills "pressured" Johnson into transferring from IAD, after Mills "was displeased that [Johnson] was sustaining charges against white officers violating minorities [sic] rights;" Johnson joined the complaint to the DOJ | Anis Responses, Response 1, p. 20 |
| 16 | Defendant Mills | Kiesha Powell | N/A | Mills subjected Powell to unspecified "derogatory comments," and unidentified "discriminatory treatment;" Powell joined the complaint to the DOJ | Anis Responses, Response 1, p. 22 |
| 17 | Former Defendant Murtha, Curtis T. Lightener, PGPD Generally | N/A | Richard Smith | Murtha "personally authorized" a payment arrangement for Smith to "receive[] 'ghost' pay for a fourteen[-]month period when he was not working"<br><br>Lightener "conducted [an] inadequate investigation[]" of "Deputy Chief Murtha's authorization of ghost time for Officer Richard Smith," and has "been promoted twice and given prestigious assignments" | Anis Responses, Response 1, pp. 10-11, 14, 19 |
| 18 | PGPD Generally | N/A | Edward Scott Finn | Finn "was the subject of several prior investigations for excessive force against African-American suspects"<br><br>PGPD found, in connection with those investigations, that Finn had not committed any infractions; PGPD promoted and continues to employ Finn | Am. Compl., ¶ 61(g); Anis Responses, Response 1, p. 9 |
| 19 | PGPD Generally | N/A | Darrin Rush | PGPD "continues to . . . employ[]" Rush in spite of his "disciplinary infractions," including "a DWI incident while driving a police vehicle" and an "investigat[ion] for overtime fraud" | Am. Compl., ¶ 61(b); Anis Responses, Response 1, p. 14 |
| 20 | PGPD Generally | N/A | Ricky Adey | PGPD allowed Adey to retire rather than terminating him after he was charged with criminal assault and had committed "numerous other infractions (including fleeing the scene of an accident);" PGPD also "did not object to his hiring by other law enforcement agencies" | Anis Responses, Response 1, p. 6 |
| 21 | PGPD Generally | N/A | Mark E. Barbe | PGPD continued to employ Barbe, despite the fact that he had "been criminally charged with numerous assault, domestic violence, and child abuse charges" and had been "suspended multiple times" | Anis Responses, Response 1, p. 6 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 22 | PGPD Generally | N/A | Jeremy Bull | PGPD "fail[ed] to investigate adequately and/or discipline" Bull, who was "accused of participating in the forcible removal of a civilian from his car and slamming him on the ground" and who "took active steps to conceal a hit and run accident by his coworker;" PGPD has also "promoted [Bull] twice since the incidents" | Anis Responses, Response 1, p. 7 |
| 23 | PGPD Generally | N/A | Kevin Butterworth | PGPD "failed to adequately investigate and/or discipline" Butterworth, who was the "[s]ubject of multiple use of force complaints, including striking an elderly woman with a baton" | Anis Responses, Response 1, p. 7 |
| 24 | PGPD Generally | N/A | Brian Catlett | PGPD inadequately disciplined Catlett, continues to employ him, and provided him with "a prestigious assignment," despite the fact that Catlett was "criminally charged in a high-profile shooting that resulted in the death of an African-American civilian" | Anis Responses, Response 1, p. 8 |
| 25 | PGPD Generally | N/A | Matthew J. Cotillo | PGPD inadequately investigated and/or disciplined Cotillo, continues to employ him, and provided him with "a prestigious assignment," despite the fact that Cotillo was the "[s]ubject of a number of IAD investigations for harassment of an African-American female civilian, insubordination, and use of force" | Anis Responses, Response 1, p. 8 |
| 26 | PGPD Generally | N/A | James W. Davis | PGPD inadequately investigated and/or disciplined Davis, and continues to employ him, despite the fact that he (1) was the "[s]ubject of multiple use of force complaints and IAD investigations, including sustained violations for unauthorized use of the NCIC database and entering a residence without a warrant and assaulting a minor," and (2) had "made false statements" in an investigation | Anis Responses, Response 1, p. 8 |
| 27 | PGPD Generally | N/A | Kevin Davis | PGPD inadequately investigated and/or disciplined Davis, and promoted him, despite the fact that he was the "[s]ubject of a number of civilian complaints, including unconstitutional detention of a juvenile, for which he was found to be civilly liable" | Anis Responses, Response 1, p. 8 |
| 28 | PGPD Generally | N/A | Stephen Downey | PGPD inadequately disciplined Downey, despite the fact that he was "[i]ndicted and charged with assault for hitting a handcuffed suspect" | Anis Responses, Response 1, p. 8 |
| 29 | PGPD Generally | N/A | Todd N. Fowble | PGPD inadequately investigated and/or disciplined Fowble, gave him "desirable specialty assignments," and continues to employ him, despite the fact that he was the "[s]ubject of multiple complaints, including a civilian complaint about excessive force (resulting in a suspect's broken arm) and a complaint from the State's Attorney Office for conduct unbecoming" | Anis Responses, Response 1, p. 9 |
| 30 | PGPD Generally | N/A | Kenneth Fox | PGPD inadequately investigated and/or disciplined Fox, and continues to employ him, despite the fact that he was the "[s]ubject of [a] complaint for unethical behavior for repeated instances of use of a police vehicle outside the County without obtaining permission" | Anis Responses, Response 1, p. 9 |
| 31 | PGPD Generally | N/A | William Gleason | PGPD inadequately investigated and/or disciplined Gleason, and continues to employ him, despite the fact that he was the "[s]ubject of several complaints for use of force" | Anis Responses, Response 1, p. 9 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 32 | PGPD Generally | N/A | Daniel R. Hader | PGPD inadequately investigated and/or disciplined Hader, despite the fact that he was the "[s]ubject of several complaints for conduct unbecoming," had failed to pursue an investigation of "an inebriated officer who passed out in their [sic] squad car," and was the subject of a complaint for misconduct while Hader "was working part-time at a nightclub" | Anis Responses, Response 1, p. 9 |
| 33 | PGPD Generally | N/A | Josh A. Kozay | PGPD inadequately disciplined Kozay, and continues to employ him, despite the fact that he was the "[s]ubject of a number of investigations for DWI, including a sustained charge in 2016" | Anis Responses, Response 1, p. 10 |
| 34 | PGPD Generally | N/A | Taylor Krauss | PGPD inadequately investigated and/or disciplined Krauss, and continues to employ him, despite the fact that he was the "[s]ubject of a number of investigations, including [for] the shooting death of an African-American officer[,] an African-American detective[,] . . . and an unauthorized high-speed pursuit" | Anis Responses, Response 1, p. 10 |
| 35 | PGPD Generally | N/A | Francesco Marlett | PGPD inadequately disciplined Marlett, and continues to employ him, despite the fact that he was "[c]riminally charged for abuse of his step-child" | Anis Responses, Response 1, p. 11 |
| 36 | PGPD Generally | N/A | Patrick S. McAveety | PGPD inadequately investigated and/or disciplined McAveety, and continues to employ him, despite the fact that he was the "[s]ubject of a complaint concerning a questionable shooting" | Anis Responses, Response 1, p. 11 |
| 37 | PGPD Generally | N/A | Kenneth Meushaw | PGPD inadequately investigated and/or disciplined Meushaw, and continues to employ him, despite the fact that he was the "[s]ubject of multiple civilian complaints, including excessive force and derogatory language, . . . entering a residence without a warrant and assaulting a minor, and fondling a suspect during a search" | Anis Responses, Response 1, p. 11 |
| 38 | PGPD Generally | N/A | Steven A. Moure, Sr. | PGPD inadequately investigated and/or disciplined Moure, assigned him to "a high prestige unit," and continues to employ him, despite the fact that he was "[a]rrested and charged with assault and child abuse" | Anis Responses, Response 1, p. 11 |
| 39 | PGPD Generally | N/A | John O'Donnell | PGPD inadequately investigated and/or disciplined O'Donnell, and continues to employ him, despite the fact that he was the "[s]ubject of multiple use of force complaints, including hitting suspects when they are handcuffed" | Anis Responses, Response 1, p. 12 |
| 40 | PGPD Generally | N/A | Joseph Palmieri | PGPD inadequately investigated and/or disciplined Palmieri, and continues to employ him, despite the fact that he was the "[s]ubject of multiple complaints for excessive force, including several questionable shootings, one of which resulted in [the] death of an African-American civilian" | Anis Responses, Response 1, p. 12 |
| 41 | PGPD Generally | N/A | Frank J. Perrus | PGPD inadequately investigated and/or disciplined Perrus, and continues to employ him, despite the fact that he was the "[s]ubject of complaints arising from domestic violence, as well as for excessive force" | Anis Responses, Response 1, p. 12 |
| 42 | PGPD Generally | N/A | Travis W. Popielarcheck | PGPD inadequately investigated and/or disciplined Popielarcheck, and continues to employ him, despite the fact that he was the "[s]ubject of complaints for excessive force, and failure to report use of force" | Anis Responses, Response 1, p. 12 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 43 | PGPD Generally | N/A | David Renner | PGPD inadequately disciplined Renner, despite the fact that he was "involved in a sexual relationship with a subordinate" while in IAD | Anis Responses, Response 1, p. 13 |
| 44 | PGPD Generally | N/A | James Simms | PGPD notified Simms regarding the IAD investigation into his conduct, and allowed Simms to retire before charges were filed, in connection with a complaint that he "earn[ed] outside income while on the clock ('double dipping')" | Anis Responses, Response 1, p. 14 |
| 45 | PGPD Generally | N/A | Michael Soden | PGPD inadequately investigated and/or disciplined Soden, promoted him, and continues to employ him, despite the fact that he was the "[s]ubject of several use of force complaints, as well as a complaint from the State Attorney's Office for conduct unbecoming" | Anis Responses, Response 1, p. 14 |
| 46 | PGPD Generally | N/A | John W. Teletchea | PGPD inadequately investigated and/or disciplined Teletchea and continues to employ him, despite the fact that he was the "[s]ubject of several complaints for use of force and inappropriate language" | Anis Responses, Response 1, p. 15 |
| 47 | PGPD Generally | N/A | Matthew Waisempacher | PGPD inadequately investigated and/or disciplined Waisempacher and continues to employ him, despite the fact that he was the "[s]ubject of complaints for excessive force and unethical conduct, including stealing property" | Anis Responses, Response 1, p. 15 |
| 48 | PGPD Generally | N/A | William Windsor | PGPD inadequately investigated and/or disciplined Windsor and continues to employ him, despite the fact that he was the "[s]ubject of complaints for excessive force" | Anis Responses, Response 1, p. 15 |
| 49 | PGPD Generally | N/A | Todd Withrow | PGPD inadequately disciplined Withrow and continues to employ him, despite the fact that he was the "[s]ubject of [a] complaint for child pornography" | Anis Responses, Response 1, p. 15 |
| 50 | PGPD Generally | N/A | Darryl S. Wormuth | PGPD inadequately investigated and/or disciplined Wormuth and continues to employ him, despite the fact that he was "accused of participating in the forcible removal of a civilian from his car and slamming him on the ground" and "was involved in a questionable shooting in DC" | Anis Responses, Response 1, p. 15 |
| 51 | PGPD Generally | N/A | Alice Wagner | PGPD inadequately investigated and/or disciplined Wagner and continues to employ her, despite the fact that she was the "[s]ubject of complaints for unethical behavior (cheating on the last promotional exam)" | Anis Responses, Response 1, p. 15 |
| 52 | PGPD Generally | Unnamed "African American females" | N/A | PGPD discriminated against "African-American females . . . on the firing range," per a complaint by Sergeant Farana Abdul | Anis Responses, Response 1, p. 15 |
| 53 | PGPD Generally | Michael Arnett | N/A | PGPD "denied [Arnett] multiple opportunities to transfer;" Arnett joined the complaint to the DOJ | Anis Responses, Response 1, p. 16 |
| 54 | PGPD Generally | Venus Atkinson | N/A | PGPD "commenced an investigation of [Atkinson] without giving her notice, and subsequently transferred her without process;" Atkinson joined the complaint to the DOJ | Anis Responses, Response 1, p. 16 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 55 | PGPD Generally | Sanghamitra Baral | N/A | PGPD "refused to consider [Baral] for promotion and selected a less-qualified white applicant" after Baral joined the complaint to the DOJ, filed an EEOC complaint, and "made an internal complaint concerning discriminatory conduct by the director of the DNA lab [*i.e.*, William Vosburgh]" | Anis Responses, Response 1, p. 16 |
| 56 | PGPD Generally | Eric Beale | N/A | PGPD "investigated [Beale] for making a false statement and [] terminated [him]," disciplining him "more severely than white officers [who] engaged in comparable conduct;" Beale joined the complaint to the DOJ | Anis Responses, Response 1, p. 16 |
| 57 | PGPD Generally | Victoria E. Brock | N/A | PGPD "repeatedly transferred [Brock]," "upon reassignment significantly diminished her responsibilities and staff," and also "failed to consider her for a promotion;" Brock joined the complaint to the DOJ and filed an "EEOC charge stemming from . . . discrimination" | Anis Responses, Response 1, p. 16 |
| 58 | PGPD Generally | Paul Campbell | N/A | PGPD "investigated [Campbell] for speed camera violations, and his police vehicle was taken away from him," and so PGPD "disciplined him more severely than white officers who engaged in similar conduct;" Campbell joined the complaint to the DOJ | Anis Responses, Response 1, p. 17 |
| 59 | PGPD Generally | Miguel Core | N/A | PGPD "transferred [Core] from his specialty assignment," "reassigned [him] to patrol in the furthest district from his residence," and denied "his subsequent applications for specialty units," after he "asked a question of [] Magaw and Stawinski, who took offense;" Core joined the complaint to the DOJ | Anis Responses, Response 1, p. 18 |
| 60 | PGPD Generally | Juan Damian | N/A | PGPD "unfairly investigated and disciplined [Damian]" after an off-duty accident, causing him to lose use of his vehicle and preventing him from taking outside jobs, while "white officers were not treated similarly;" Damian joined the complaint to the DOJ | Anis Responses, Response 1, p. 18 |
| 61 | PGPD Generally | Mitchell Gilliam | N/A | PGPD has "denied [Gilliam] multiple transfer opportunities;" Gilliam joined the complaint to the DOJ | Anis Responses, Response 1, p. 18 |
| 62 | PGPD Generally | Diana Gutierrez | N/A | PGPD has "denied [Gutierrez] multiple requests for transfer out of Narcotics, as well as requests for reasonable accommodation;" Gutierrez joined the complaint to the DOJ | Anis Responses, Response 1, p. 18-19 |
| 63 | PGPD Generally | Lynne Grant | N/A | PGPD involuntarily transferred Grant in retaliation after she "raised concerns in public settings directly to Defendant Stawinski," and her union confirmed that she "was transferred because she called out Stawinski in front of other people, and . . . if she pursued the matter, the Chief would transfer her again;" Grant joined the complaint to the DOJ, and also filed an EEOC charge | Anis Responses, Response 1, p. 19 |
| 64 | PGPD Generally | Arvester Horner | N/A | PGPD "investigated and disciplined [Horner] with a suspension and a reduction of two ranks" after he was "stopped for driving under the influence," disciplining him "more severely than white officers who engaged in comparable conduct;" Horner joined the complaint to the DOJ | Anis Responses, Response 1, p. 20 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 65 | PGPD Generally | Carol Miller | N/A | PGPD involuntarily transferred Miller, "notwithstanding her seniority and lack of justification," after "Defendant Stawinski saw her sitting at the HNLEA President's table at an event;" Miller joined the complaint to the DOJ | Anis Responses, Response 1, p. 21 |
| 66 | PGPD Generally | Teresa Nelson | Unnamed "civilian employee of PGPD" | PGPD "failed to adequately investigate and/or appropriately discipline" an unnamed "civilian employee of PGPD," who was the subject of Nelson's IAD and EEOC complaints; Nelson also joined the complaint to the DOJ | Anis Responses, Response 1, p. 21 |
| 67 | PGPD Generally | Jeffrey Mitchell | N/A | PGPD "diminished" Mitchell's responsibilities, "transferred [him] to a menial assignment," and "denied [him an] opportunity for advancement," after he "reported that a firearm was missing from the property warehouse and refused to cover for the white officer responsible;" Mitchell also joined the complaint to the DOJ, and filed an EEOC charge | Anis Responses, Response 1, p. 21 |
| 68 | PGPD Generally | Brandon Peters | N/A | PGPD investigated Peters "following a high-speed pursuit" and issued him "more severe discipline than white officers who engaged in comparable conduct" | Anis Responses, Response 1, p. 21 |
| 69 | PGPD Generally | Fitzgerald Rodriguez | N/A | PGPD issued Rodriguez an involuntary transfer; Rodriguez joined the complaint to the DOJ | Anis Responses, Response 1, p. 22 |
| 70 | PGPD Generally | Michael Rodriguez | Kyle G. Bodenhorn | PGPD removed Rodriguez from IAD and "reassigned [him] to patrol" once he was promoted to Sergeant, while Bodenhorn (who was promoted at that same time, and who was "the subject of complaints because he stated he liked having minority officers terminated") was allowed to remain in IAD; Rodriguez joined the complaint to the DOJ | Anis Responses, Response 1, p. 23 |
| 71 | PGPD Generally | Oscar Rodriguez | Unnamed "white candidates" | PGPD "[r]epeatedly passed over [Rodriguez] for promotion in favor of less qualified white candidates," so he "retired in late 2016 because it was clear [PGPD] would never promote him;" Rodriguez joined the complaint to the DOJ and filed an EEOC charge | Anis Responses, Response 1, p. 23 |
| 72 | PGPD Generally | Nichole Savoy | Unnamed "white officer" | PGPD "replaced [Savoy in a prestigious assignment with] a white officer who did not apply for the position" <br><br> PGPD failed to adequately investigate Savoy's complaint, made to Stawinski, regarding her replacement; Savoy also joined the complaint to the DOJ and filed an EEOC charge | Anis Responses, Response 1, p. 23 |
| 73 | PGPD Generally | Anthony Vargas | N/A | PGPD "denied [Vargas] multiple transfer opportunities;" Vargas joined the complaint to the DOJ | Anis Responses, Response 1, p. 23 |
| 74 | PGPD Generally | Shawne Waddy | Unnamed "white officers" | PGPD "repeatedly passed over [Waddy] for promotion on the grounds that she did not have sufficient patrol command experience, while white officers with less experience and qualifications were promoted," and also "transferred [her] out of patrol [when her situation was raised], preventing her from getting the experience she purportedly lacked;" Waddy joined the complaint to the DOJ | Anis Responses, Response 1, p. 23 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 75 | PGPD Generally | Sushana Williams | Unnamed "white employees performing the same functions" | PGPD "paid [Williams] less than white employees performing the same functions;" Williams joined the complaint to the DOJ | Anis Responses, Response 1, p. 24 |
| 76 | PGPD Generally, Unnamed "supervisor" of Noel Andres, Unnamed "supervisor" of Tawnya Ramirez | Noel Andres, Tawnya Ramirez | George Merkel, Unnamed "supervisor" of Noel Andres, Unnamed "supervisor" of Tawnya Ramirez | PGPD did not timely schedule a trial board in connection with Merkel's conviction for assault and misconduct in office for beating a homeless female; PGPD also allowed Merkel to continue to work while he appealed his conviction, and allowed him to retire with benefits, which amounts to a failure to appropriately pursue discipline against him<br><br>PGPD denied Andres and Ramirez "transfer opportunities" after they reported Merkel for "beating a homeless female"<br><br>Andres's and Ramirez's unnamed "supervisors" retaliated against them after they reported Merkel<br><br>PGPD inadequately investigated and/or disciplined Andres's and Ramirez's unnamed "supervisors" for the above-referenced conduct<br><br>Andres and Ramirez joined the complaint to the DOJ | Am. Compl., ¶ 73; Anis Responses, Response 1, pp. 11, 16, 22 |
| 77 | PGPD Generally, Unnamed white officers | Kurt Bunn | Unnamed "white officers" | Bunn "receiv[ed] anti-gay and racist text messages," presumably from the unnamed "white officers" whose "misconduct" he ultimately reported to PGPD<br><br>PGPD inadequately investigated and/or disciplined the "unnamed white officers" that Bunn reported for engaging in misconduct<br><br>PGPD "started investigating [Bunn] in retaliation" for his report of "misconduct by white officers;" Bunn joined the complaint to the DOJ<br><br>Unnamed "white officers . . . escalated their harassment of Bunn" after he received "anti-gay and racist text messages" and "reported misconduct by white officers" | Anis Responses, Response 1, p. 17 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 78 | PGPD Generally, Other unnamed individuals | James Carter | N/A | Carter complained regarding "several instances of racial discrimination and circulation of racially insensitive pictures" involving unnamed individuals<br><br>PGPD "failed to adequately investigate [Carter's] complaint" regarding the above-referenced conduct<br><br>PGPD retaliated against Carter and "pressured [him] to retire" after he complained<br><br>Carter joined the complaint to the DOJ | Anis Responses, Response 1, p. 17 |
| 79 | PGPD Generally; Unnamed "white male supervisor" of Narica Hamilton | Narica Hamilton | Unnamed "white male supervisor" of Narica Hamilton | Hamilton's unnamed "white male supervisor" engaged in unspecified "harassment" of her<br><br>PGPD failed to adequately discipline Hamilton's unnamed "white male supervisor" for such "harassment," and after she was transferred, PGPD transferred the "white male supervisor" to her new work location<br><br>Hamilton joined the complaint to the DOJ | Anis Responses, Response 1, p. 20 |
| 80 | PGPD Generally; Unnamed "supervisor" of Dadzie Kwesi | Dadzie Kwesi | Unnamed "supervisor" of Dadzie Kwesi | Kwesi's unnamed "supervisor" used unspecified "racially derogatory language"<br><br>Kwesi complained about the above-referenced conduct, and PGPD then "transferred [Kwesi] out of the unit"<br><br>PGPD failed to adequately discipline Kwesi's unnamed "supervisor" after Kwesi complained about the above-referenced conduct and the charge was sustained<br><br>Kwesi also joined the complaint to the DOJ and filed an EEOC charge | Anis Responses, Response 1, p. 20 |
| 81 | PGPD Generally, Unnamed "supervisor" of Julio Zelaya | Julio Zelaya | N/A | PGPD "denied [Zelaya's] requests to transfer to specialty assignments," after he was transferred back to patrol and questioned Defendant Magaw "why officers of color given specialty assignments were sent back to patrol;" Zelaya also joined the complaint to the DOJ<br><br>Due to his question, Zelaya's unnamed supervisor "became hostile" and told Zelaya that he would "'die in patrol'" | Anis Responses, Response 1, p. 24 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 82 | PGPD Generally, Unnamed "other officers" | Michael Rubin | Unnamed "other officers" | Rubin complained about unspecified "inappropriate and unethical conduct of other officers assigned to IAD;" Rubin also joined the complaint to the DOJ and filed an EEOC charge<br><br>Unnamed "other officers retaliated against [Rubin]" due to his complaint<br><br>PGPD failed to adequately investigate and/or discipline the unnamed "other officers" that Rubin complained were engaging in unspecified "inappropriate and unethical conduct" | Anis Responses, Response 1, p. 23 |
| 83 | PGPD Generally, Unnamed PGPD "Trainers" | Daniel Wills | N/A | Wills complainted about unspecified "racial discrimination at the Police Academy;" Wills also joined the complaint to the DOJ<br><br>Unnamed PGPD trainers "pressured" Wills to resign after he made this complaint | Anis Responses, Response 1, p. 24 |
| 84 | Unnamed "PGPD leadership" | N/A | Thomas Denault | PGPD leadership "downgraded" the offenses with which Denault was charged (*i.e.*, "conduct unbecoming a police officer and making a false statement for lying in court and during the Internal Affairs Review"), gave Denault a 10-hour suspension, and ultimately promoted him twice | Am. Compl., ¶ 61(a); Anis Responses, Response 1, p. 8 |
| 85 | Defendant Prince George County | N/A | Stephanie Mohr | The County "rehired [Mohr] as a County employee," despite the fact that she had been "[c]onvicted of excessive force for setting her K-9 dog on homeless Hispanics" | Anis Responses, Response 1, p. 11 |
| 86 | Unnamed "White officers" | N/A | N/A | Unnamed "White officers" made "comments regarding [President Obama] such as 'well I guess we can sit out from [sic] of the station drink Hennessy and eat chicken wings now' following his re-election" | Am. Compl., ¶ 61(d) |
| 87 | Unnamed "White officers" | Unnamed "African-American female" officer | N/A | Unnamed "White Officers" were "slow to support" an unnamed African American female officer, requiring a transfer for that officer's safety | Am. Compl., ¶ 143 |
| 88 | Unnamed "canine officer" | N/A | N/A | Unnamed "canine officer" explained "what a dog does 'if a black bad guy is running and drops his cellphone'" at a community presentation about the canine unit, which is an "example[] of negative attitudes towards People of Color" | Am. Compl., ¶ 253 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 89 | Daniel Smith, James Hoo, Nathaniel S. Bauer, PGPD Generally | N/A | Daniel Smith, James Hoo, Nathaniel S. Bauer | Smith, Hoo, and Bauer "engaged in repeated racist texts, including referencing African-Americans with comments such as 'we should bring back public hangings' and 'we should get rid of the black animals;'" they had also "made misogynistic comments about African-American female officers"<br><br>PGPD, "on information and belief," did not conduct an investigation or impose discipline in response to a complaint about the above-referenced conduct<br><br>PGPD continued to employ Smith, Hoo, and Bauer | Am. Compl., ¶ 61(e); Anis Responses, Response 1, pp. 7, 10, 14; *id.*, at Response 3, p. 28 |
| 90 | Steven Jones, PGPD Generally | N/A | Steven Jones | Jones "made comments such as 'poor white people had it worse than slaves' and 'at least slaves had food and a place to sleep'"<br><br>PGPD did not pursue disciplinary action in connection with reports of Jones's comments<br><br>Due to "inadequate investigation and/or discipline" by PGPD, Jones remains employed | Am. Compl., ¶ 61(f); Anis Responses, Response 1, p. 10 |
| 91 | Edward Scott Finn, PGPD Generally | N/A | Edward Scott Finn | Finn made "derogatory comments in July 2016 about the 'Black Lives Matter' movement and the area he patrols"<br><br>PGPD, "on information and belief," did not investigate or discipline Finn for the above-referenced comments, continued to employ him, and promoted him | Am. Compl., ¶ 61(g); Anis Responses, Response 1, p. 9 |
| 92 | Kyle J. Benson, PGPD Generally | N/A | Kyle J. Benson | Benson "repeatedly ordered subordinate officers to arrest African-American civilians for DWI or disturbing the peace when the civilian passed sobriety tests"<br><br>PGPD "failed to adequately investigate and/or discipline" Benson, and continues to employ him | Anis Responses, Response 1, p. 7 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 93 | Kevin Davis, PGPD Generally | Kevin Morris | Kevin Davis | Morris complained regarding Davis's "refus[al] to send back up when Morris'[s] home was burgled," a "dispute over a business Davis owned," and "Morris'[s] discipline of a Davis family friend;" Morris also joined the complaint to the DOJ<br><br>PGPD failed to adequately investigate and discipline Davis in response to Morris's complaints<br><br>Davis "retaliated" against Morris due to Morris's complaints, by "having Morris investigated twice and transferred to a patrol district far from his house" | Anis Responses, Response 1, p. 21 |
| 94 | Victor Dobro, PGPD Generally | Unnamed "minority officers" and "officers of color" | Victor Dobro | Dobro was the "[s]ubject of complaints by civilian and minority officers for use of inappropriate language and discriminatory treatment of officers of color, as a result of which he was removed from training responsibilities and has been permanently removed from working at Fedex Field"<br><br>PGPD inadequately investigated and/or disciplined Dobro | Anis Responses, Response 1, p. 8 |
| 95 | Thomas Hart, PGPD Generally | N/A | Thomas Hart | Hart was the "[s]ubject of numerous complaints for unethical conduct [and] use of force," and for using unspecified "derogatory language about minorities;" he was also "suspended for criminal misconduct (for repeated instances of unethical conduct)"<br><br>PGPD inadequately investigated and/or disciplined Hart, promoted him, and continues to employ him, despite the above-referenced conduct and complaints | Anis Responses, Response 1, p. 9 |
| 96 | Francis Masino, PGPD Generally | Unnamed "African-American supervisor" | Francis Masino | Masino was the "[s]ubject of a number of complaints concerning excessive force, including a questionable shooting," and had engaged in "insubordination regarding his African-American supervisor"<br><br>PGPD inadequately investigated and/or disciplined Masino, and continues to employ him, despite the above-referenced conduct | Anis Responses, Response 1, p. 11 |
| 97 | Chris Nalesnik, PGPD Generally | Unnamed "African-American and Hispanic officers" | Chris Nalesnik | Nalesnik used "racially derogatory language (including 'n****r,' 'wetback,' and 'spic') against African-American and Hispanic officers and civilians," and "retaliated against [those who complained about such conduct] by giving them [] the worst assignments"<br><br>PGPD inadequately investigated and/or disciplined Nalesnik, and continues to employ him, despite the above-referenced conduct | Anis Responses, Response 1, p. 12 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 98 | William P. Norris, PGPD Generally | Unnamed "African-American officer" | William P. Norris | Norris "failed to follow investigative protocol" during the investigation of an unnamed "African-American officer," including "advising the officer that he was the subject of an investigation"<br><br>PGPD inadequately investigated and/or disciplined Norris, and continues to employ him, despite the above-referenced conduct | Anis Responses, Response 1, p. 12 |
| 99 | Christine M. Norton, PGPD Generally | Unnamed "African-American females under her supervision" | Christine M. Norton | Norton "[u]sed derogatory language to describe and has engaged in discriminatory discipline against African-American females under her supervision"<br><br>PGPD inadequately investigated and/or disciplined Norton, and continues to employ her, despite the above-referenced conduct | Anis Responses, Response 1, p. 12 |
| 100 | Zachery O'Lare, Unnamed PGPD officers, PGPD Generally | N/A | Zachery O'Lare | O'Lare "ma[de] fun of an African-American child without a Halloween costume;" he and other unnamed PGPD officers prompted that child to "put a plastic bag over his head with eye holes cut out"<br><br>PGPD inadequately investigated and/or disciplined O'Lare, promoted him, and continues to employ him, in spite of the above-referenced conduct | Anis Responses, Response 1, p. 12 |
| 101 | James S. Rodgers, PGPD Generally | Unnamed "African-American officers" | James S. Rodgers | Rodgers was the "[s]ubject of multiple EEO complaints by African-American officers"<br><br>PGPD inadequately investigated and/or disciplined Rodgers, and continues to employ him, despite the above-referenced complaints | Anis Responses, Response 1, p. 13 |
| 102 | Mark Rumbarger, PGPD Generally | Unnamed "minority officers" | Mark Rumbarger | Rumbarger was the "[s]ubject of multiple complaints by minority officers for discriminatory treatment during their training"<br><br>PGPD inadequately investigated and/or disciplined Rumbarger, and continues to employ him, despite the above-referenced complaints | Anis Responses, Response 1, p. 13 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 103 | Jeffrey A. Walters, PGPD Generally | Steven Robinson | Jeffrey A. Walters, Unnamed "superior officer" | Robinson complained to his supervisor (Walters) that an unnamed "superior officer" was "'double dipping' and attempting to alter time records to conceal activity"<br><br>PGPD inadequately investigated and/or disciplined the unnamed "superior officer" about whom Robinson complained<br><br>Walters "reprimanded" Robinson for making this complaint, and "subsequently filed a charge against Robinson for violating chain of command and failing to report the officer who committed the violation"<br><br>Robinson reported Walters "for unethical behavior (stealing time and covering up for another officer who was 'double dealing');" Robinson had also joined the complaint to the DOJ and filed an EEOC charge<br><br>PGPD retaliated against Robinson for reporting Walters<br><br>PGPD inadequately investigated and/or disciplined Walters and continues to employ him, despite the above-referenced conduct | Anis Responses, Response 1, pp. 15, 22 |
| 104 | John S. Wynkoop, PGPD Generally | N/A | John S. Wynkopp | Wynkoop was the "[s]ubject of complaints for use of force . . . and for making derogatory comments about Hispanics"<br><br>PGPD inadequately investigated and/or disciplined Wynkoop, and continues to employ him despite the above-referenced conduct | Anis Responses, Response 1, p. 15 |
| 105 | "Lieutenant Frankenfeld," PGPD's Risk Management Office, PGPD Generally | Farana Abdul | N/A | Abdul complained that "African-American females were being discriminated against . . . by the Risk Management Office when they sought 'no duty' or 'light duty' status"<br><br>Frankenfeld "made a retaliatory complaint" against Abdul after she complained about him<br><br>PGPD "transferred Abdul involuntarily to an unfavorable position" after she made a complaint about Frankenfeld; Abdul also joined the complaint to the DOJ and filed an EEOC charge | Anis Responses, Response 1, pp. 15-16 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 106 | Jeffrey Wagner, Kyle G. Bodenhorn, other unnamed "white officers," PGPD Generally | Antoinette Williams | Jeffrey Wagner, Kyle G. Bodenhorn, other unnamed "white officers" | Wagner, Bodenhorn, and Williams's other unnamed "supervisors" made "derogatory comments" to Williams<br><br>Bodenhorn specifically "made derogatory statements" as the "IAD investigator assigned" when Williams was arrested for a domestic incident with her husband<br><br>PGPD "failed to adequately investigate [Williams's] complaints," presumably those concerning the above-referenced derogatory comments<br><br>PGPD charged Williams for "using inappropriate language and reprimanded [her]" after she made a complaint about hostile work environment based upon the "derogatory comments from her supervisors;" Williams had also joined the complaint to the DOJ<br><br>PGPD "[has] treated Williams more severely than white officers" | Anis Responses, Response 1, p. 24 |
| 107 | Thomas Denault | N/A | N/A | Denault "maintained racist pictures in his workspace" | Anis Responses, Response 1, p. 8 |
| 108 | Brian Selway, PGPD Generally | Unnamed "African-American officer" | Brian Selway | Selway was the "[s]ubject of complaints for use of unprofessional language and targeting an African-American officer with unwarranted criminal charges"<br><br>PGPD continued to employ Selway despite these complaints | Anis Responses, Response 1, p. 14 |
| 109 | George Merkel | N/A | N/A | Merkel told a female African American complainant who had locked her keys in her car that "he would not assist her because his job was 'not to assist Black people, only to arrest them' and that he would leave her 'at the mercy of other Black criminals'" | Am. Compl., ¶ 73 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 110 | George Merkel, Jason Rorick, PGPD Generally | Katrina Gomez | George Merkel, Jason Rorick | Merkel and Rorick were the subjects of a complaint by members of an African American sorority at a Toys for Tots charity event; the complaint claimed that (A) Merkel "treated [the members] roughly compared to other volunteers and tried to spread rumors that they were intoxicated at the event," and (B) Rorick had engaged in "unprofessional conduct," including "approaching civilian volunteers with his police dog and use of abusive language"<br><br>Gomez witnessed Merkel and Rorick "engaging in unprofessional conduct" while she was "volunteering at [PGPD's] Toys for Tots program"<br><br>Rorick filed a retaliatory complaint against Gomez<br><br>PGPD inadequately investigated and/or disciplined Merkel and Rorick; PGPD continues to employ Rorick, despite the above-referenced conduct<br><br>Gomez joined the complaint to the DOJ | Am. Compl., ¶ 73; Anis Responses, Response 1, pp. 11, 13, 19 |
| 111 | Kyle G. Bodenhorn | Yordy Diaz | N/A | Bodenhorn "made derogatory statements to [Diaz] and threatened his employment;" Diaz joined the complaint to the DOJ | Anis Responses, Response 1, p. 18 |
| 112 | Kyle G. Bodenhorn | Unspecified | N/A | Bodenhorn was "the subject of complaints because he stated he liked having minority officers terminated" | Anis Responses, Response 1, p. 23 |
| 113 | Curtis T. Lightener, PGPD Generally | N/A | Curtis Lightener, Chris Smith | Lightener "conducted inadequate investigations of several high profile matters involving white officers, including Officer Chris Smith who struck a suspect with his vehicle"<br><br>PGPD promoted Lightener twice and has given him "prestigious assignments" | Anis Responses, Response 1, p. 10 |
| 114 | George Nader | Unspecified | N/A | Nader "failed to adequately investigate and/or recommend appropriate discipline in numerous instances of racist conduct by officers" | Anis Responses, Response 1, p. 12 |
| 115 | Melvin Powell | Unnamed "UBPO member" | N/A | Powell, "[w]hile EEOC Coordinator, refused to accept [a] complaint of [an unnamed] UBPO member complaining of discriminatory conduct" | Anis Responses, Response 1, p. 13 |
| 116 | Jacqueline Rafterry | Unnamed "officers of color" | N/A | Rafterry "directly engaged in retaliation against several officers of color, including targeting an officer who asked Chief Stawinski about concerns" | Anis Responses, Response 1, p. 13 |

| Incident | Name of Alleged Perpetrator(s) | Name of Alleged Victim(s) | Name of Alleged Non-Minority Beneficiary (as applicable) | Plaintiff's Allegation | Citation to Case Documents |
|---|---|---|---|---|---|
| 117 | Mark Rumbarger, Tiffany Johnson | Thomas Wall | Tiffany Johnson | Johnson made a "derogatory statement about an African-American civilian," which former Plaintiff Wall reported to Sergeant Mark Rumbarger<br><br>Rumbarger "ignored [Johnson's] derogatory statement about an African-American civilian;" former plaintiff Wall complained to IAD about Rumbarger's conduct<br><br>Rumbarger "filed a a false charge" against former plaintiff Wall in retaliation, because Wall had "reported a complaint to [Rumbarger]" | Anis Responses, Response 3, p. 27 |
| 118 | Stephen M. Saraullo, Jr. , PGPD Generally | N/A | Stephen M. Saraullo, Jr. | Saraullo was the "[s]ubject of multiple civilian complaints for use of force, including participation when [another officer] fondled an arrestee, and use of abusive language"<br><br>PGPD inadequately investigated and/or disciplined Saraullo, and continues to employ him, despite the above-referenced complaints | Anis Responses, Response 1, p. 14 |
| 119 | Anthony R. Urban | N/A | N/A | Urban "used [a] derogatory term to describe [an] African-American officer" | Anis Responses, Response 1, p. 15 |
| 120 | Nicholas Hernandez | Unnamed "African-American female suspects" | N/A | Hernandez engaged in "physical mistreatment of African-American female suspects," and former plaintiff Wall confronted him about this behavior | Anis Responses, Response 3, p. 27 |
| 121 | David Renner | Adriane Clayton | N/A | Renner "involuntarily transferred" Clayton while she was assigned to IAD; Clayton joined the complaint to the DOJ | Anis Responses, Response 1, p. 18 |