**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PRINCE GEORGE'S COUNTY, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 8:18-cv-03821<br><br>Hon. Theodore D. Chuang<br>Hon. Charles B. Day |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**STATUS REPORT AND INTERIM STATUS REPORT**

Plaintiffs Hispanic National Law Enforcement Associations NCR, *et al.* ("Plaintiffs"), by and through counsel, respectfully submit this response to the Defendants' February 6, 2020 Status Report (ECF No. 124).

1. **Preliminary Statement**: At the December 18, 2019 conference, after extended discussion of the status of discovery, the Court commented that "the parties are going to have to discuss how to propose a different or longer discovery schedule. . . . I am almost certain the discovery deadline will have to move." ECF No. 122, Tr. 43-44:13.  The Court then directed the Parties to discuss the issues and to report back in January.  *Id.* at 44.  The Parties have been discussing those issues, but due primarily to unavailability of defense counsel were unable to meet and confer issues before this morning.  Because the Parties were not able to report to the Court in January, on February 3, Plaintiffs filed a status report to update the Court regarding timing. *See* ECF No. 123.

2. Based on the meet and confer, the Parties agree that some extension of the discovery deadline is appropriate.  Accordingly, the case is not "post-discovery."  Because the operative scheduling orders (ECF Nos. 41 & 88) provided that a "post-discovery status report" is to be filed

today, out-of-an-abundance of caution, Plaintiffs file this prophylactic "status report."

## Report

**1.     Whether discovery has been completed**.

1. Discovery has not been completed. Plaintiffs are of the view that fact discovery can be completed by April 15, 2020. To date, the following discovery has occurred:

- Defendants have propounded 387 interrogatories and 296 Requests for Production. In response, Plaintiffs have responded to 341 interrogatories (with multiple rounds of supplementation), objected to the latest round of 46 interrogatories, and produced approximately 24,000 documents consisting of 168,000 pages. As discussed below, Defendants have produced an additional 170,000 emails (consisting of 514,730 pages) from the Individual Plaintiffs' work emails. Subject to completion of privilege review, Plaintiffs have substantially completed their document productions.

- Plaintiffs have propounded 108 Requests for Production, 51 Interrogatories, and 17 Requests for Admission. In response, Defendants have produced 170,000 emails from the Individual Plaintiffs' work emails and 40,000 emails from non-Plaintiff accounts (8,000 of which have been produced since the December 18, 2019 conference). Defendants still need to complete their production of materials provided to the Department of Justice pursuant to their informational requests. To date, Defendants have responded to 29 interrogatories and 1 requests for admission; the Parties are meeting and conferring regarding the sufficiency of these responses.

- To date, Plaintiffs have taken depositions of three individuals, focused on the Defendants' organization of Internal Affairs case information and Defendants' failure to preserve certain documents. Plaintiffs have requested Defendants to provide dates for 10

additional witnesses and a 30(b)(6) deposition on various topics between now and the end of March. Defendants have not yet requested dates for any depositions, but have represented they would like to commence depositions of each of the Plaintiffs starting on March 7.

2. In their Status Report, Defendants take the position that they are under no obligation to respond to Plaintiffs' written discovery served after January 7.  This position fails to consider (i) the discussion at the December 18 conference that the Parties would be moving to extend the discovery deadline, (ii) the timing of Defendants' document productions, which were delayed and are ongoing, (iii) Defendants' proposal to add an additional phase of discovery, and (iv) Defendants failure, to date, to file answers and their concomitant refusal to respond to certain discovery requests on the grounds that they have not filed answers.

3. Defendants also propose a two-phase discovery schedule ostensibly so that they may conduct discovery on what they have characterized as "untethered acts."  In many cases, the identified incidents involve members of the Organizational Plaintiffs, and constitute evidence of Defendants' practices and customs related to the *Monell* claim.  Plaintiffs' view is that a separate discovery period is unnecessary because the Defendants' arguments concerning "untethered acts" are premature (and better dealt with as an *in limine* issue) and without merit.  Plaintiffs will elaborate on these issues in the opposition to Defendants' motion.

**2.     Whether any motions are pending.**

1. Defendants partial motion to dismiss the First Amended Complaint is fully briefed and has been pending since July 2019.  ECF Nos. 58, 66, 75.  Defendants' prior motion to dismiss was denied in part on July 8, 2019.  ECF No. 73.

2. Defendants have advised that they intend to file their "untethered acts" motion on

February 28. Plaintiffs plan to oppose the motion, but have asked that briefing the opposition be deferred until Defendants make the requested witnesses (described above in point 1.1) available.

**3.      Whether any party intends to file a dispositive pretrial motion.**  Plaintiffs are still evaluating, and will provide an update at the completion of fact discovery.

**4.      Whether the case is to be a jury trial or a non-jury trial and the anticipated length of trial**.  Plaintiffs have claims for injunctive relief that can be tried to the Court, as well as claims where there is a right to a jury trial.

**5.      Settlement Certification**: No settlement negotiations have taken place. Plaintiffs are amenable to starting settlement negotiations at any time.

**6.      Magistrate Judge Settlement Conference**: Plaintiffs are agreeable to have the case referred to have a Magistrate Judge conduct a mediation session.

**7.      Consent to Proceed to a Magistrate Judge**: Discovery has been referred to Magistrate Judge Day.  Plaintiffs do not consent to have a Magistrate Judge conduct all further proceedings.

**8.      Other Matters**: Plaintiffs will be filing a letter setting forth a position on schedule and other discovery issues today.  Plaintiffs are also evaluating reports of ongoing retaliation against certain of the Individual Plaintiffs and may be raising them with the Court in the near future.

Dated: February 7, 2020 
Respectfully submitted,

  /s/ John A. Freedman

| | |
|---|---|
| Dennis A. Corkery (D. Md. Bar No. 19076) | John A. Freedman (D. Md. Bar No. 20276) |
| Joanna Wasik (D. Md. Bar No. 21063) | Peter T. Grossi, Jr. (admitted *pro hac vice*) |
| WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS | Adam M. Pergament (admitted *pro hac vice*) |
| | Mei-Wah Lee (admitted *pro hac vice*) |
| 700 14th St., Suite 400 | Danait Mengist (admitted *pro hac vice*) |
| Washington, DC 20036 | ARNOLD & PORTER KAYE SCHOLER LLP |
| (202) 319-1000 | 601 Massachusetts Ave., NW Washington, DC 20001-3743 |
| dennis_corkery@washlaw.org | John.Freedman@arnoldporter.com |
| joanna_wasik@washlaw.org | Peter.Grossi@arnoldporter.com |
| | Adam.Pergament@arnoldporter.com |
| Deborah A. Jeon (D. Md. Bar No. 06905) | Mei-Wah.Lee@arnoldporter.com |
| ACLU OF MARYLAND | Danait.Mengist@arnoldporter.com |
| 3600 Clipper Mill Road, Suite 350 | |
| Baltimore, MD 21211 | |
| (410) 889-8555 | |
| jeon@aclu-md.org | *Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this February 7, 2020, a copy of the foregoing Plaintiffs' Response to Defendants' Status Report and Interim Status Report was served via email on counsel of record.

                                                            _/s/John Freedman_____
                                                            John Freedman