## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, *et al.,*<br><br>Defendants. | Civil Action No. 8:18-cv-03821<br><br>Hon. Theodore D. Chuang<br>Hon. Charles B. Day |

## STIPULATED ORDER CONCERNING CONDUCT OF DEPOSITIONS

Pursuant to Fed. R. Civ. P. 29 and 30(b)(4) and the Court's Misc. Order No. 20-146, Plaintiffs and Defendants (the "Parties"), jointly stipulate and respectfully request that the Court order the following measures be taken for every deposition conducted in this matter.

### I. In-Person Depositions

Except as provided in Part II, below, and unless otherwise ordered by the Court, every deposition (fact and expert) taken in this matter shall be taken in person pursuant to Fed. R. Civ. P. 30. All in-person depositions shall be subject to the following rules:

1. The party requesting the deposition shall identify and secure available office space that is large enough to permit all participants to attend the deposition in a manner that is consistent with the then-applicable CDC social distancing guidelines (*e.g.*, each participant must be six feet from every other participant). The location of the office space for each deposition shall be within the County or City where the witness resides or works or within the Washington, D.C. metropolitan area (for parties) or as set forth in Fed. R. Civ. P. 45 (for non-parties), unless otherwise agreed to by the Parties and the

witness.

2. There shall be no more than eight (8) total persons in the room for any deposition, including court reporters and videographers.

3. The party requesting the deposition shall bring a sufficient quantity of hand sanitizer (with sufficient alcohol content to meet the then-applicable CDC guidelines) to the deposition for all participants to use upon entering and exiting the room, and said participants shall use the sanitizer.

4. To minimize contact among the deposition participants, the party requesting the deposition shall bring a sufficient number of complete sets of potential deposition exhibits, separated into sealed and marked envelopes, so that each deposition participant can extract his or her copy of the exhibit at the instruction of the party taking the deposition. All deposition participants shall be prohibited from removing or opening exhibit envelopes from his or her deposition exhibit set except upon the instruction of the party (attorney) taking the deposition, and all unused exhibit sets shall be collected by the party taking the deposition at the end of the deposition.

5. All participants in a deposition shall wear a face covering at all times during the deposition, except that a deposition participant may temporarily shift his or her face covering to consume a beverage.  The party requesting the deposition shall bring extra face coverings for use by any participant who requires one (*e.g.*, the court reporter).

6. Any deposition participant feeling ill or showing potential symptoms of COVID-19 (or any deposition participant residing with anyone feeling ill or showing potential symptoms of COVID-19) shall refrain from attending the deposition.  Depositions shall be freely re-rescheduled if needed under such circumstances.

2

7. The deposition, including the travel required by the participants, must be consistent with Washington Metropolitan area governmental guidance and directives then in effect, including any stay-at-home directives or travel restrictions applicable to travel within the Washington Metropolitan area.

## II. Remote Depositions

Any participant in a scheduled deposition (party, witness, or counsel) may elect to participate in the deposition remotely with written notice to all other participants at least ten (10) calendar days in advance of the scheduled deposition. If such an election is made, the party requesting the deposition shall (a) serve a new Notice of Deposition consistent with this Order and the Federal Rules of Civil Procedure, and (b) make all necessary and appropriate arrangements to accommodate the remote deposition via video or internet video conference technology. The party requesting the deposition shall pay all costs and expenses associated with the remote deposition (except copies of the transcript for other parties or counsel). In order to simplify and streamline the process, the parties agree that Transperfect shall be the reporter service to conduct any and all remote depositions in this action.

Any remote deposition shall be subject to the following rules:

1. The Court and the Parties understand that certain witnesses may have personal or professional circumstances relating to the current COVID-19 crisis that either prevent them from participating in a remote deposition altogether or significantly limit their ability to sit for a remote deposition for a sustained period of time. All Parties will be respectful and accommodating of such circumstances. The Parties and the witness (or counsel for the witness) shall meet and confer in good faith about the rescheduling of the deposition and/or making necessary arrangements to accommodate the witness.

Any disagreements shall be resolved by the Court.

2. Any remote deposition must comply with the requirements in Fed. R. Civ. P. 30(b)(5). This includes the requirements that (a) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (b) the officer must administer the oath or affirmation to the deponent.  A remote deposition taken pursuant to this Order shall be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness -- as long as the court reporter attends the deposition by the same remote means as other participants and is able to hear and communicate with the other participants.  To the extent permitted by the law of the State in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

3. The deposition notice for any remote deposition must list the location(s) (city and state) from where the witness, the court reporter, the videographer (if any), and counsel taking the deposition will attend.  Subject to ¶ 1, if a remote deposition is elected, the witness and all counsel shall have the right to participate from their respective homes.

4. All remote deposition notices must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (*e.g.*, GoToMeeting, Zoom, WebEx).  The party noticing the deposition shall make best efforts to provide the witness and all other participants with detailed instructions regarding how to participate in the remote deposition at least five (5) calendar days before the deposition.

4

5. To host a remote deposition, the Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the remote deposition (*e.g.*, video and audio feeds, exhibits).  These security measures include using tools such as: (a) a "virtual waiting room" that allows the court reporter to admit only individuals authorized to attend the deposition, and (b) disabling the "record" feature for the witness and attending attorneys.  In addition, to prevent confidential documents or audio/visual materials from being downloaded by witnesses or their counsel, electronic exhibits may only be shared with the witness and his or her counsel via a hyperlink to file sharing software (to be agreed upon in advance) with the download function disabled.  The software used by the Remote Deposition Vendor must be capable of playing audio/visual materials and exhibits during the course of the deposition.

6. At least 24 hours before a remote deposition is scheduled to start, all counsel, the witness, and the Remote Deposition Vendor shall conduct a test of the system and equipment that will be used to conduct the remote deposition.  If a witness noticed for a remote deposition does not have a webcam-equipped tablet, desktop or laptop computer that can be used during the deposition, the witness or his or her counsel must notify the Parties no less than three (3) business days prior to the noticed date.  Counsel who noticed the deposition shall either (a) provide the deponent with agreed-upon equipment containing the audio, webcam, and Wi-Fi connectivity needed to participate in the deposition in time to conduct the test, or (b) postpone or cancel the deposition until suitable arrangements can be made.

7. All remote depositions shall be conducted during normal business hours within the witness's local time zone (9:00 AM to 6:00 PM).  Any witness who has been assigned

to work a midnight shift shall be entitled to administrative leave for the night before the deposition. Parties are expected to grant reasonable accommodations on scheduling and timing of depositions. Each remote deposition (like each in-person deposition) shall be subject to the presumptive time limitation of seven (7) hours, including direct and re-cross, and each shall count against the total deposition hour limit agreed to by the Parties (125 total hours per side).

8. If the attorney taking the deposition anticipates more than four (4) hours for direct examination of the witness, the parties and the witness (or counsel for the witness) will meet and confer regarding the total anticipated time for the deposition. Similarly, where the witness has restrictions on the length of time (or times of the day) that he or she may sit for a remote deposition, the witness or his or her counsel shall notify examining counsel at least three (3) business days in advance, so that the Parties may confer in good faith on a reasonable schedule to complete the deposition (over multiple days if necessary). Any disputes regarding the length of time needed for a deposition or deposition scheduling shall be resolved by the Court.

9. A witness or his or her attorney may reschedule remote depositions up until the time of the deposition, upon a written representation of counsel, in the event of changed circumstances in the witness' health, or the witness' family's health, or the witness's professional obligations due to the COVID-19 pandemic.

10. At the time of the deposition, the witness shall advise the court reporter of his or her physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background, and facing the camera being used to record the witness.

11. If a remote deposition is elected, the witness has the right to have his or her personal counsel attend the deposition in person and be in the same room as the witness.  Any counsel in the room shall also log into the remote deposition videoconference so that all participants can see and hear counsel or otherwise maintain a camera view showing both the witness and counsel (or any other persons assisting in the deposition, such as a paralegal or legal assistant).  Any counsel who is in the same room as the witness during a remote deposition shall comply with any applicable government law, regulation or guidance regarding public health and safety during the COVID-19 pandemic.  Nobody other than personal counsel for the witness may be in the same room with the witness during a remote deposition.

12. To avoid any potential disruptions of a remote deposition, those attending shall enable "do not disturb" settings for applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail notifications.  Microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorneys defending the deposition) must remain on when the deposition is on the record.  Other attendees should mute microphones when not speaking.  The participating attorneys must be visible to all other participants during the deposition.

13. A videographer employed by the Remote Deposition Vendor will record the witness's deposition testimony by the best technological means available, including remote video capture/recording.  The video recording of the deposition may only be suspended during the deposition upon stipulation by counsel conducting and defending the deposition.  With the exception of the videographer and the court reporter, the deposition may not otherwise be recorded electronically without the consent of the

7

Parties and witness.

14. The fact that a deposition was noticed to take place remotely, and was recorded remotely, shall not, by itself, be a sufficient basis for preventing the remote deposition from being admitted at trial with the same effect as a deposition video that was recorded in person.

15. For any deposition exhibit that is 100 pages or more, counsel taking the deposition shall provide a hard copy for (a) the witness, and (b) one counsel for each side, and counsel for the witness, at least two hours in advance of the remote deposition.  Each exhibit may be sealed in its own envelope within a box.  Neither the box nor any individual exhibit envelope may be opened by the witness or an attorney until instructed to by the examining attorney, and the envelopes will be opened on camera.  (This provision shall not preclude the examining attorney from utilizing electronic versions of unanticipated exhibits where reasonably necessary.)  Following the deposition, it shall be the defending attorney's responsibility to ensure that any hard copy documents sent to the witness are destroyed as may be required by an applicable confidentiality order.

16. For all exhibits of less than 100 pages, during the deposition, full and complete copies of the deposition exhibits must be provided in the manner set forth in Paragraph 15 or through the Remote Deposition Vendor's file sharing software (with download disabled for the witnesses).  A witness may be required to use a keyboard, mouse, or other similar means to open and/or advance the pages of an exhibit.  The fact that a witness was provided with an electronic copy of an exhibit will be an insufficient basis to object to the admissibility of that exhibit at trial.  During the deposition, the remote deposition technology must allow counsel to display and annotate exhibits for the

witness, add and remove exhibits, and change the order in which the exhibits are presented to the witness.

17. During the deposition examination, no person attending the deposition shall be permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no text or email exchanges with the witness). However, the witness's counsel may communicate with the witness, including telephonically, by other electronic means, or directly if he or she is present with the witness, solely to address issues of privilege.

18. Technical difficulties, including but not limited to pauses, lags, and/or interruptions in internet connection, shall be addressed as they would be in any in-person deposition. The parties shall go off the record and attempt to resolve the issue.  Technical difficulties shall not result in waiver of objections by any party.  If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should consider rescheduling the remote deposition for a later date. On-the-record delays resulting from pauses, lags, and/or interruptions in internet connection that cumulatively exceed thirty (30) minutes shall be included against the presumptive seven-hour limitation for a deposition and shall count against the total deposition hour limit agreed to by the Parties (125 total hours per side).  However, any technological delays that individually persist for one (1) minute or more shall result in an off-the-record correction and such off-the-record correction time shall not count against the Parties' total deposition hour limit.

19. In the event that a party proceeds with a remote deposition of a witness pursuant to the terms of this Order, then that party shall not be allowed to re-depose the same witness for a second time absent a showing of good cause and obtaining leave of Court or

agreement of the Parties and the witness.

___/s/ John A. Freedman_____         ___/s/ Matthew R. Alsip_____

| | |
|---|---|
| John A. Freedman (D. Md. Bar No. 20276) | Craig Thompson, Bar No. 26201 |
| Peter T. Grossi, Jr. (admitted *pro hac vice*) | Todd J. Horn, Bar No. 06849 |
| Adam M. Pergament (admitted *pro hac vice*) | Christine E. White, Bar No. 19185 |
| Mei-Wah Lee (admitted *pro hac vice*) | Venable LLP |
| Danait Mengist (admitted *pro hac vice*) | 750 E. Pratt Street, Suite 900 |
| ARNOLD & PORTER KAYE SCHOLER LLP | Baltimore, MD 21202 |
| 601 Massachusetts Ave., NW | Tel.: (410) 244-7400 |
| Washington, DC 20001-3743 | Fax: (410) 244-7742 |
| John.Freedman@arnoldporter.com | klthompson@venable.com |
| Peter.Grossi@arnoldporter.com | tjhorn@venable.com |
| Adam.Pergament@arnoldporter.com | cewhite@venable.com |
| Mei-Wah.Lee@arnoldporter.com | |
| Danait.Mengist@arnoldporter.com | Kurt J. Fischer, Bar No. 03300 |
| | Matthew R. Alsip, Bar No. 28002 |
| Dennis A. Corkery (D. Md. Bar No. 19076) | Christine C. Carey, Bar No. 29428 |
| Joanna Wasik (D. Md. Bar No. 21063) | Venable LLP |
| WASHINGTON LAWYERS' | 210 W. Pennsylvania Avenue, Suite 500 |
| COMMITTEE FOR CIVIL RIGHTS AND | Towson, Maryland 21204 |
| URBAN AFFAIRS | Tel: (410) 494-6200 |
| 700 14th St., Suite 400 | Fax: (410) 821-0147 |
| Washington, DC 20036 | kjfischer@venable.com |
| (202) 319-1000 | mralsip@venable.com |
| dennis_corkery@washlaw.org | ccarey@venable.com |
| joanna_wasik@washlaw.org | |
| | Robert G. Ames, Bar No. 03372 |
| Deborah A. Jeon (D. Md. Bar No. 06905) | Courtney Sullivan (admitted *pro hac vice*) |
| ACLU OF MARYLAND | Vincent E. Verrocchio, Bar No. 18407 |
| 3600 Clipper Mill Road, Suite 350 | Lauren Stocks-Smith, Bar No. 20784 |
| Baltimore, MD 21211 | Venable LLP |
| (410) 889-8555 | 600 Massachusetts Ave., N.W. |
| jeon@aclu-md.org | Washington, D.C. 20001 |
| | Tel.: (202) 344-4000 |
| | Fax: (202) 344-8300 |
| | rgames@venable.com |
| | casullivan@venable.com |
| | veverrocchio@venable.com |
| | lrstocks-smith@venable.com |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

**SO ORDERED**, on this _____ day of June 2020.


_____
**CHARLES B. DAY**
**UNITED STATES MAGISTRATE JUDGE**