

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

Craig A. Thompson
T 410.244.7605
F 410.244.7742
cathompson@venable.com

June 15, 2020

***VIA ECF***

The Honorable Theodore F. Chuang
The Honorable Charles B. Day
United States District Court for the
 District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

> Re:   *Hispanic Nat'l Law Enforcement Ass'n, et al.  v. Prince George's Cty., et al.*
>        Civil Action No.: 8:18-CV-03821-TDC

Dear Judges Chuang and Day:

I represent Defendants in this matter.  Earlier this year, in February and March, the parties presented several discovery disputes to the Court (ECF nos. 123–129).  In a nutshell, the key disputes were:

(a) The appropriate length of time for taking <u>at least</u> 30 fact depositions.  Defendants seek a reasonable three-month period of time – from June 15 through September 15 – for the depositions.[1]  This proposal would result in the parties taking a deposition about every other business day (there are 65 business days in Defendants' proposed deposition period), and it would provide flexibility in the likely event that the current deposition list is expanded.  On the other hand, Plaintiffs seek to complete the depositions in less than two months' time (by July 31).  This would leave just 34 business days to coordinate multiple schedules and conduct at least 30 fact depositions.

(b) Plaintiffs' refusal to answer Defendants' timely-served interrogatories. Plaintiffs responded with boilerplate objections, only.

(c) Plaintiffs' service of additional sets of untimely and extremely burdensome written and document discovery requests.  The parties had ample time to conduct written discovery.  Defendants do not believe there is any reason to further extend written discovery.

---

[1]   This does not include "untethered acts" depositions, which are the subject of Defendants' pending motion (ECF no. 134).

**VENABLE** LLP

The Honorable Theodore F. Chuang
The Honorable Charles B. Day
June 15, 2020
Page 2

It is Defendants' understanding that Your Honors conferred about these disputes earlier this year and determined that they should be resolved by Judge Day (to whom all discovery-related issues have been referred). Accordingly, the parties convened for a conference call before Judge Day to address these disputes on March 16.

During the call, which was held just as the COVID-19 crisis was sweeping across the country and shortly after the Court had imposed a moratorium on proceedings, Judge Day expressed the view that all of the parties' disputes should be tabled until such time as the Court lifted the moratorium. Judge Day suggested that a global resolution should be sought to the various disputes once the COVID-19 "dust settled." An in-person discovery conference in the courthouse was discussed as a possibility.

Since that call, the parties have made some progress in resolving their disputes. Some depositions have been scheduled in June and July. However, the parties are still at an impasse on the disputes discussed during the March 16 call (<u>i.e.</u>, the proper length of time to take at least 30 fact depositions, Plaintiffs' failure to answer timely interrogatories, and Plaintiffs' service of untimely written discovery). Late last week, Plaintiffs filed a Motion to Reset the Discovery Deadline (the "Motion", ECF no. 157). The Motion, which seeks an order extending all fact discovery until July 31, is inconsistent with Judge Day's stated preference for a global resolution of the disputes. The Motion does not address the significant failure of Plaintiffs to answer written discovery propounded by Defendants. Further, the Motion is inconsistent with the discovery dispute procedures required by Judge Day (ECF no. 59), and it is also inconsistent with the Case Management Order (ECF no. 4) entered in this case, which requires that no motion be filed without first filing a notice of intent to file a motion.[2] Moreover, Plaintiffs did not append a Local Rule 104.7 certification to their Motion.

Defendants seek the Court's guidance on how best to achieve an efficient resolution to <u>all</u> of the discovery disputes currently existing between the parties – the same issues previously presented to Judge Day. And, Defendants seek to do so in a manner that is consistent with the Court's orders and Local Rules. Defendants are fully prepared to oppose the Motion and to file a separate motion to address Plaintiffs' refusal to answer interrogatories and potentially other matters. However, engaging in this type of piecemeal motion practice does not appear to be

---

[2] Although an exception exists for motions seeking extensions of time, Plaintiffs do not seek a mere extension of time in their Motion. They seek a new fact discovery schedule for depositions, written discovery, and document discovery – a new schedule that will allow Plaintiffs to take the 30+ fact depositions at the rapid pace they desire, and also allow them to properly serve the written discovery that they failed to serve in a timely manner under the prior case schedule.



The Honorable Theodore F. Chuang
The Honorable Charles B. Day
June 15, 2020
Page 3


consistent with Judge Day's comments during the March 16 call.  It also does not appear to comport with the judicial goal of achieving just, efficient, and speedy results in all proceedings.  See Fed. R. Civ. P. 1; D. Md. Discovery Guideline 1.a.  Defendants respectfully request a case management conference to address how best to move forward.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

       /s/ Craig A. Thompson
      Craig A. Thompson (Bar No. 26201)
      Venable LLP
      750 East Pratt Street, Suite 900
      Baltimore, Maryland 21202
      Tel: (410) 244-7605
      Fax: (410) 244-7742
      cathompson@venable.com

cc:    All counsel of record

49331074/1