

600 MASSACHUSETTS AVE., NW WASHINGTON, DC 20001
T 202.344.4000 F 202.344.8300 www.Venable.com

Courtney A. Sullivan

t: 202.344.4340
f: 202.344.8300
casullivan@venable.com

June 18, 2020

The Hon. Theodore D. Chuang
United States District Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

***Re:*** ***Hispanic National Law Enforcement Association, NCR, et al. v. Prince George's County, et al.*** **Case No. 18-cv-03821**

Dear Judge Chuang:

On June 4, 2020, Plaintiff Clarence Rucker, through counsel, filed a purported Notice of Voluntary Dismissal, purportedly without prejudice. (ECF 153.) The Notice does not seek leave of Court as is required by Rule 41(a)(2).[1] What is more, Defendants have devoted substantial resources in preparing to defend against Rucker's claims, and Plaintiffs have offered no explanation as to why Rucker's dismissal comes at this late date and in contravention of the Rules. In compliance with § II.A. of the Court's Case Management Order (ECF 4), this letter serves as notice of Defendants' intention to file a Motion to Vacate Rucker's Notice and to seek entry of dismissal of his claims with prejudice.

Factual Background

Plaintiff Rucker, formerly a detective in PGPD's Domestic Violence Unit, was recommended for termination following reports by multiple domestic violence victims, whose cases he was investigating, that Rucker had engaged in inappropriate sexual contact with them—for instance, sending a picture of his genitals to one, and masturbating on a live video app to another. He was re-assigned to another position during the pendency of his investigation, then resigned and secured a job with another police department prior to his scheduled Administrative Hearing Board ("AHB"). As is legally required of all Maryland police departments, PGPD reported Rucker's change in employment status with the Maryland Police Training and Correctional Training Commission ("MPCTC"), the agency responsible for supporting state-mandated police certifications.[2] In the First Amended Complaint, Rucker alleged that, by

[1] Also subject to question is the remaining Plaintiffs' collective standing to take this purported action on behalf of Plaintiff Rucker.

[2] Police professionals in Maryland are governed by the Police Training Act (Md. Code, Pub. Safety 3-201, et seq.) and police training and certification is governed by the Maryland Police Training and Standards Commission ("MPTSC"), which is itself supported by MPCTC. Maryland



600 MASSACHUSETTS AVE., NW WASHINGTON, DC 20001
T 202.344.4000 F 202.344.8300 www.Venable.com

recommending discipline for his misconduct, PGPD discriminated and retaliated against him (ECF 52, ¶ 259-270) and that, by completing its legally-prescribed reporting obligations, PGPD improperly "red flagged" him in "the Maryland State Police System." (ECF 51, ¶ 218.)

Summary of Motion to Vacate and Request for Entry of Dismissal with Prejudice

Plaintiff Rucker improperly filed this Notice of Dismissal, styling it as a notice made under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Rule 41(a)(1)(A)(i) permits a plaintiff to voluntary dismiss an action without prejudice *only* "before the opposing party serves either an answer or a motion for summary judgment," or through "a stipulation of dismissal signed by all parties who have appeared." In this case, Defendants filed an Answer on March 10, 2020, and have not been presented with a stipulation of dismissal.[3] Accordingly, Plaintiff Rucker is obligated to seek leave of Court and to make a written request for dismissal "on terms that the court considers proper" pursuant to Rule 41(a)(2).

The Fourth Circuit has said that the "focus of a Rule 41(a)(2) motion is protecting the interests of the defendant." *Stretchline Intellectual Props. v. H&M Hennes & Mauritz LP*, No. 2:10-cv-371, 2015 WL 789185, at *2 (E.D. Va. Feb. 24, 2015) (citation omitted). The Fourth Circuit evaluates four, non-exclusive factors in ruling on such a motion: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation. *See Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (unpublished). "[T]he court is not bound to grant a plaintiff's request for dismissal without prejudice." *Stretchline*, 2015 WL 789185, at *3. "The court's authority to dismiss *with* prejudice is implied in the language of the rule." *Id.*

These four factors favor Defendants. First, Defendants have spent considerable time, money and resources in litigating Rucker's claims, which have been pending since December 12, 2018, and have involved significant motions practice, written discovery, and document discovery. Second, Rucker was not diligent in seeking to dismiss his claims. He filed suit in December 2018. He well understood the obvious infirmities of his case at that time. Yet he forged ahead with litigation for 18 months. Third, Rucker has provided *no explanation* for the dismissal of his claims. Fourth, substantial written and document discovery has been completed, fact development and deposition preparations have occurred, and depositions are underway. All of these factors favor dismissal with prejudice. *See Hood v. Kaiser Permanente*, No. RWT 11-cv-2430, 2012 WL 4764896 (D. Md. Oct. 5, 2012) (dismissing plaintiff's claims with prejudice where complaint had been answered, parties had actively engaged in discovery and plaintiff provided little explanation for dismissal); *see also Hobbs*, 1999 WL 156045, at *1 (denying plaintiff's motion to dismiss

---

Regulations require all departments, including PGPD, to notify MPCTC within 30 days of certain employment changes, including when an officer's employment with the department ends. Code of Maryland Regulations ("COMAR") 12.04.01.02(C).

[3] Defendants filed Motions to Dismiss on February 26, 2019 and June 9, 2019.



600 MASSACHUSETTS AVE., NW WASHINGTON, DC 20001
T 202.344.4000 F 202.344.8300 www.Venable.com

without prejudice and dismissing claims with prejudice where defendant had spent considerable effort and expense in defending suit and preparing for trial, and plaintiff had no reasonable basis explaining how he would prove elements of his claim).

Defendants attempted in good faith to resolve this matter prior to seeking the Court's assistance. Defendants asked Plaintiffs' counsel to agree to the dismissal of Plaintiff Rucker's claims *with* prejudice before filing this letter. Plaintiffs' counsel responded that they no longer represent Plaintiff Rucker. (*See* Exhibit 1.) This notification came without any prior notice or record that Plaintiffs' counsel had sought and received the Court's permission to withdraw as Plaintiff Rucker's counsel in this matter. *See* U.S. District Court of Maryland Local Rules, Rule 101.2.[4]

Defendants do not oppose Plaintiff Rucker's dismissal. However, that dismissal should be with prejudice.

Defendants thank the Court for its attention to this matter.

Very truly yours,

Courtney A. Sullivan

4 In light of counsel's position, and in an abundance of caution, a copy of this letter has been sent by overnight delivery directly to Plaintiff Rucker.

# EXHIBIT 1

**From:** Pergament, Adam <Adam.Pergament@arnoldporter.com>
**Sent:** Wednesday, June 17, 2020 10:54 PM
**To:** Sullivan, Courtney A.; Grossi, Peter T.
**Cc:** Alsip, Matthew R.; Stocks-Smith, Lauren R.; Thompson, Craig A.; Freedman, John A.; Dennis_Corkery@washlaw.org; jeon@aclu-md.org; joanna_wasik@washlaw.org
**Subject:** RE: Rucker Dismissal

**Caution: External Email**

Courtney:

We (Arnold & Porter, Washington Lawyer's Committee, and ACLU of Maryland) no longer represent Mr. Rucker. If you proceed with your filing, we expect that you will so advise the Court and that you will serve Mr. Rucker personally with any correspondence affecting his claim. Thank you.

---

**From:** Sullivan, Courtney A. <CASullivan@Venable.com>
**Sent:** Wednesday, June 17, 2020 3:06 PM
**To:** Pergament, Adam <Adam.Pergament@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>
**Cc:** zzz.External.mralsip@venable.com <mralsip@venable.com>; Stocks-Smith, Lauren R. <LRStocks-Smith@Venable.com>; Thompson, Craig A. <CAThompson@Venable.com>
**Subject:** Rucker Dismissal

External E-mail

Hi Adam. I received no response to my email to you on Monday (attached) about the improper Notice of Dismissal filed by Plaintiff Rucker. Please advise as to whether or not you will seek to re-enter that Notice as a Motion for Voluntary Dismissal. If I don't hear from you by noon tomorrow, we will provide the Court with a letter of our intent to file a Motion to Vacate and dismiss Rucker's claims with prejudice.

Thanks much,
Courtney

**Courtney A. Sullivan, Esq.** | **Venable LLP**
**t** 202.344.4043 | **f** 202.344.8300 | **m** 202.320.4040
600 Massachusetts Avenue, NW, Washington, DC 20001

CASullivan@Venable.com | www.Venable.com

************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
************************************************************************

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com