**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, *et al.*,<br><br>Defendants. | Civil Action No. 8:18-cv-03821<br><br>Hon. Theodore D. Chuang |

**RESPONSE AND NOTICE OF RESOLUTION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO WITHDRAW OR JUSTIFY THEIR DESIGNATIONS OF CERTAIN DOCUMENTS AS "CONFIDENTIAL" THROUGH JULY 13**

Plaintiffs hereby respond to the Defendants' recent motion (ECF 191) for a four-week extension to either withdraw or justify the designation of approximately 130 documents as "confidential." Plaintiffs filed each of these documents with redactions or under seal pursuant to an interim motion to seal (ECF 179) in conjunction with Plaintiffs' response to Defendants' "Untethered Acts" *in limine* motion (ECF 161, 162 & 170-176). For the reasons stated below, the extension originally sought by Defendants would likely prevent the Court from resolving this preliminary issue before it holds a hearing, presumably in open court, on the Defendants' motion (ECF 134) which seeks to bar any presentation of many of the racially-biased or discriminatory acts or statements made or condoned by senior officers of the Prince George's County Police Department.

Over the Fourth of July weekend, however, the Parties agreed to an extension through July 13, 2020. Plaintiffs submit this Response to explain why no longer extension should be granted.

**BACKGROUND**

1. Pursuant to the Court's July 1, 2019 Confidentiality Order (ECF 72), a party may designate material as "CONFIDENTIAL" if it contains "sensitive personal, medical, financial, or disciplinary information." The Order also directed that "A party shall not routinely designate material as "CONFIDENTIAL" or make such designation without reasonable inquiry to determine whether it qualifies for such designation." ECF 72 ¶¶ 1(a). Documents designated as "CONFIDENTIAL" may not be disclosed in court filings without taking certain measures such as redacting or filing the material under seal.

2. Notwithstanding the July 1, 2019 Order, Defendants designated every page in their 900,000-plus page production as "CONFIDENTIAL."

3. In conjunction with Plaintiffs' Opposition to Defendants' *in limine* motion, on June 18, 2020, Plaintiffs filed several redacted documents, including the brief in opposition (ECF 161), the Preliminary Expert Report of Michael Graham (ECF 162), the Declaration of John A. Freedman (ECF 180), and 130 exhibits under seal (ECF 169 & 171-176). Plaintiffs contend that the discriminatory statements and acts established in those documents are central to the claims of both the 12 individual plaintiffs and the two plaintiff representative organizations that the leadership of the Prince Georges County Police Department has acted in a racist and discriminatory manner towards officers of color and the general public. The documents in question repeatedly demonstrate that unlawful conduct. These are examples of materials that Defendants, in their *in limine* motion, seek to exclude from the future proceedings and ultimate trial in this case.

4. Because Defendants designated every document they produced as "CONFIDENTIAL," the Plaintiffs were required to redact their Opposition brief, Mr. Graham's Preliminary Report, and Mr. Freedman's declaration, and file the 130 exhibits under seal. But, as contemplated in this Court's July 1, 2019 Confidentiality Order, Plaintiffs did so pursuant to an Interim Sealing Motion (ECF 179), which made clear that the designated materials did not warrant "CONFIDENTIAL" treatment, and the filing was without prejudice to Plaintiffs' position that the documents should not be sealed or withheld in the future public filings and proceedings in this case.

5. Following the filing, on June 18, Plaintiffs wrote to Defendants advising them that Plaintiffs did not believe the redacted or sealed materials warranted "CONFIDENTIAL" treatment, but that if Defendants believed any of these materials warrant CONFIDENTIAL treatment and should remain under seal, Plaintiffs would be happy to confer and consider their position. Ex. 1.

6. In the "interim" sealing motion, Plaintiffs described three broad categories of those documents and briefly explained why they were not entitled to confidential treatment under this Court's order and the prevailing caselaw:

   a. Plaintiffs noted that some of the material was actually statistics derived from the IAPro database of disciplinary actions taken by PGPD and the PGPD rosters which establish that (1) Black and Latinx officers are much more likely to be disciplined and punished by the PGPD than white officers and (2) Black and Latinx officers are much less likely to be promoted than white officers. Those statistics in no way disclose the identity of any of the officers – white or officers of color – subject to those investigative, disciplinary and promotional processes. Nevertheless, and out of respect for the general confidentiality order, Plaintiffs were forced to redact the statistics from the public filings. Plaintiffs stated in their interim motion, and continue

to believe, that such summary statistics should not be redacted in future public filings or that hearings concerning them should be conducted in closed Court.

    b. Plaintiffs noted that other documents, which are discussed and sometimes quoted in their Opposition and Mr. Graham's Preliminary Report, contain or concern racist and discriminatory statements or acts made by or condoned by the senior leadership of PGPD.  Such documents do not concern the discipline of any individual officer; they are more general in nature or were made outside of a disciplinary context.  Again Plaintiffs contend in their interim motion, and continue to believe, that such comments are not entitled to be withheld as "CONFIDENTIAL" and need not be redacted in future public proceedings.

    c. Plaintiffs noted that some of the documents do reflect the allegations and actions taken in individual disciplinary cases. Specifically, Plaintiffs have provided the Court with the records of cases in which Black and Latinx officers were punished for various infractions to a much greater degree than white officers who were either punished less harshly or, indeed, were not disciplined (or, in some cases, even investigated) at all.  In other cases, Plaintiffs have provided the Court with documents showing white officers engaged in racist conduct against minority citizens of Prince George's County but were neither investigated nor disciplined in an appropriate manner.

    As to this last, smallest category of documents, Plaintiffs contend that the account of these events should not be accorded "CONFIDENTIAL" treatment in a manner that would preclude the public from learning of them and the Defendants' handling of them. (Alternatively, Plaintiffs contend that any legitimate interest in withholding the identity of the particular police officer involved can be adequately satisfied by redacting the name of the officer while permitting the facts of the conduct to be disclosed.)

7. The filing and the preliminary Graham Report were the subject of significant public interest and media coverage. Numerous civic organizations, including the Prince George's County chapter of the NAACP, called for Defendant Chief Stawinski's resignation. Wide community interest in these materials makes clear the urgency of the matter beyond the immediate interests of the parties.

8. In that regard, it is worth noting that less than six hours after the redacted version of the brief and opposition and preliminary Graham Report were filed with the Court, Prince George's County Executive Angela Alsorooks requested, and received, the resignation of Defendant Stawinski. At a press conference the following day, June 19, Ms. Alsorooks and the new interim Chief, Hector Velez, promised to review the alleged racist and discriminatory conduct by the leadership of the Police Department and further promised "transparency."

9. Also on June 19, Prince George's County States' Attorney Aisha Braveboy referred specifically to the redacted version of Plaintiffs' filings from the prior day and expressed her view that she needed access to the underlying documents, for now being withheld as "confidential," in order to fulfill her duties in monitoring the conduct of the PGPD.

10. For the next 12 days -- from June 18 to June 30 -- the County and its counsel said nothing further about the status of the 130 documents in question. On June 30, counsel for the County, PGPD, and the other Defendants sought Plaintiffs' consent to a four-week extension of Defendants' time to respond as to the "confidentiality" of the documents. Counsel for Defendants indicated that they were willing to discuss the status of the documents in the hopes of reducing the number at issue. Ex. 2. The next day, on July 1, Defendants filed the instant motion seeking that four-week extension. ECF 191.

11. On July 2, Plaintiffs' counsel emailed defense counsel indicating their immediate willingness to confer concerning the status of the 130 documents. Defense counsel, however, responded that they were not in a position to discuss the proper future treatment of the documents until July 8. Plaintiffs immediately responded, also on July 2, by again requesting an earlier discussion and indicating that, if no earlier call could be held, they would need to set forth their views on the extension motion in this filing so as not to delay the resolution of that preliminary "sealing" issue.

12. Over the Fourth of July weekend, counsel exchanged a number of emails. Ex. 3. As a result, the parties have agreed to confer as soon as the Defendants are prepared to do so on July 8 and thereafter to attempt to resolve their differences on the "confidential" designation of as many of the 130 documents as possible. The parties have further agreed to ask the Court to extend the time until July 13 for Defendants' filing justifying the continued "confidential" designations of any documents the Defendants continue to claim merit such treatment.

**ARGUMENT**

The agreed upon extended period from June 18 to July 13 should be more than sufficient time for the Defendants' to come to a final position on the proper status of 130 documents, particularly since the Defendants designated every document in their production as "CONFIDENTIAL" under the protective order. And there are sound practical reasons to extend the Defendants' time only that far, consistent with the agreement the parties have now reached.

Most notably, Plaintiffs agreed to extend the time for the Defendants to file their Reply on their underlying motion *in limine* to exclude the types of acts and statements reflected in these documents from further consideration in discovery and trial in this matter. Defendants' deadline for their reply brief is now next Monday, July 13, 2020.

As noted above, various public groups (as well as public officials) have expressed their interest in in this matter. Plaintiffs therefore believe that any hearing concerning the Defendants' motion to exclude any of these acts and comments at trial, in accord with the normal rule, should be on the public record.

Plaintiffs further believe any Court hearing on the potential exclusion of such evidence from further proceedings in this case should be open to the public. And the political leadership of Defendants themselves -- County Executive Alsobrooks and interim Chief Velez -- have pledged "transparency."

It is therefore important to know which, if any, of the matters discussed in the opposition brief, the preliminary Graham Report, or 130 documents may not be discussed in open court. Nor is there any reason to further burden the Clerk's office with maintaining separate sealed or redacted filings if the facts contained in those documents should not appropriately be withheld from public scrutiny.

**CONCLUSION**

For all these reasons, Plaintiffs respectfully request that the Court accept the agreement of the parties to extend the date for the Defendants to file their final response on the "confidentiality" of the 130 documents to July 13, 2020, but no further.


Dated: July 6, 2020

Respectfully submitted,

/s/ John A. Freedman

John A. Freedman (D. Md. Bar No. 20276)
Peter T. Grossi, Jr. (admitted *pro hac vice*)
Adam M. Pergament (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW Washington, DC 20001-3743
John.Freedman@arnoldporter.com
Peter.Grossi@arnoldporter.com
Adam.Pergament@arnoldporter.com

Dennis A. Corkery (D. Md. Bar No. 19076)
Joanna Wasik (D. Md. Bar No. 21063)
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
700 14th St., Suite 400
Washington, DC 20036
(202) 319-1000
dennis_corkery@washlaw.org
joanna_wasik@washlaw.org

Deborah A. Jeon (D. Md. Bar No. 06905)
ACLU OF MARYLAND
3600 Clipper Mill Road, Suite 350
Baltimore, MD 21211
(410) 889-8555
jeon@aclu-md.org

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, *et al.*,<br><br>Defendants. | Civil Action No. 8:18-cv-03821<br><br>Hon. Theodore D. Chuang |

**ORDER**

THIS MATTER comes before the Court on Defendants' Motion for Extension of Time to Respond to Plaintiffs' Interim Sealing Motion. Having reviewed the motion and opposition thereto, it is hereby

**ORDERED** that Defendants' response shall be filed by 5 p.m. on July 13, 2020.

**SO ORDERED** on this ___ day of ________________, 2020.

_____________________________
THEODORE D. CHUANG
United States District Judge