August 4, 2020

*VIA ECF and EMAIL*
Magistrate Judge Charles B. Day
mdd_cbdchambers@mdd.uscourts.gov

    Re:    *Hispanic Nat'l Law Enforcement Ass'n, et al. v. Prince George's Cty., et al.*

Dear Judge Day:

    I write on behalf of Defendants. We look forward to convening before Your Honor tomorrow to continue discussions about the scheduling order. Defendants also seek further clarity on whether the various discovery motions authorized by Your Honor may be *filed* at this point or *served* in accordance with Local Rule 104.8. Additionally, there are two new discovery disputes that are ripe for the Court's attention. These new disputes are summarized below.

### Plaintiffs' attempt to depose County Executive Alsobrooks

    Plaintiffs seek to depose current Prince George's County Executive Angela Alsobrooks. Defendants oppose this request, and seek permission to file a protective order, because "[i]t is well established that high-ranking government officials may not be deposed or called to testify about their reasons for taking official actions," absent a showing of "extraordinary circumstances." *In re McCarthy*, 636 F. App'x 142, 143 (4th Cir. 2015); *United States v. Morgan*, 313 U.S. 409, 421-22 (1941); *Montgomery Cty. v. Stevens*, 337 Md. 471, 485 (1995).

    As this Court has previously explained, "left unprotected, high-ranking government officials would be inundated with discovery obligations involving scores of cases where the public official would have little or no personal knowledge of material facts." *United States v. Wal-Mart Stores, Inc.*, No. CIV.A. PJM-01-1521, 2002 WL 562301, at *1 (D. Md. Mar. 29, 2002). "Left unchecked, the litigation-related burdens placed upon them would render their time remaining for government service significantly diluted or completely consumed." *Id*. As a result, high-ranking public officials – including County Executives – are entitled to a mental process privilege that precludes most depositions. *See, e.g.*, *Johnson v. Clark*, 199 Md. App. 305 (2011) (deposition of Prince George's County Executive precluded by the *Morgan* doctrine); *Toussie v. County of Suffolk*, No. CV 05-1814(JS)(ARL), 2006 WL 1982687, *1 (E.D.N.Y. July 13, 2006) (current county executive was a high-ranking official entitled to a protective order precluding a deposition); *see also Lederman v. New York City Dept. of Parks and Recreation*, 731 F.3d 199 (2d Cir. 2013) (depositions of mayor and deputy mayor properly barred under the *Morgan* doctrine); *Tomaszewski v. City of Philadelphia*, No. CV 17-4675, 2018 WL 6590826, at *6 (E.D. Pa. Dec. 14, 2018) (deposition of mayor precluded).

    In fact, a deposition of a high-ranking official is permissible *only* if the party seeking the deposition establishes: (1) that there are "extraordinary circumstances" warranting the deposition; or (2) the official is personally involved in a material way. Typically, "extraordinary circumstances" are limited to instances where "there is a clear showing of misconduct or wrongdoing" by the official. *See Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *In re McCarthy*, 636 F. App'x at 144-45. Moreover, officials are only deemed to be "personally involved," and therefore subject to deposition, when their involvement is "so intertwined with the

issues in controversy that fundamental fairness requires the discovery of factual information held by the official by way of deposition." *Wal-Mart Stores, Inc.*, 2002 WL 562301, at *3; *see also Johnson*, 199 Md. App. at 324 (merely "helpful" knowledge or awareness of information is insufficient to establish personal involvement under *Morgan*, as opposed to "essential" first-hand information that cannot be reasonably obtained from other sources).

Ms. Alsobrooks is the highest-ranking elected official in the County and she is entitled to the protection of the mental process privilege recognized by the Supreme Court in *Morgan*. Plaintiffs have not alleged any misconduct or wrongdoing by Ms. Alsobrooks, or any other "exceptional circumstances" that would warrant an exception to the *Morgan* doctrine. Furthermore, Ms. Alsobrooks lacks any unique personal knowledge of Plaintiffs' allegations, and cannot be deemed to be so "personally involved" in the underlying allegations that fundamental fairness requires her deposition. Ms. Alsobrooks assumed the office of the County Executive on December 3, 2018—approximately *one week before* Plaintiffs filed their Complaint. She did not serve as the County Executive during any of the events alleged in, nor is she referenced in, the First Amended Complaint. Moreover, and reflecting her lack of relevance to this case, *Plaintiffs have not included Ms. Alsobrooks in their list of "persons with knowledge" in their answers to Defendants' Interrogatory No. 1*. Indeed, Plaintiffs first indicated an interest in deposing Ms. Alsobrooks in July 2020, long after commencing this lawsuit (and just days after this Court established the August 15 deposition deadline).

In sum, Plaintiffs have failed to establish that an exception to the *Morgan* doctrine warrants this deposition. Plaintiffs' attempt to annoy and harass the highest-ranking elected official in Prince George's County does not justify her deposition. Ms. Alsobrooks is currently busy addressing a number of critically important issues in the County, including the County's response to the COVID-19 pandemic. Preparing for and attending a deposition would significantly interfere with Ms. Alsobrooks' duties for the County. If the Court orders Ms. Alsobrooks' deposition in this matter, it should be limited to a deposition by written questions pursuant to Fed. R. Civ. P. 31. *See Brennan v. City of Philadelphia*, 388 F. Supp. 3d 516, 522 (E.D. Pa. 2019) (mayor's "essential" testimony, which was unavailable from other sources, limited to a deposition by written questions).

### HNLEA & UBPOA Depositions

Plaintiffs object to Topics 10, 11, 12(a), 13, 14, 16, and 17 of the 30(b)(6) amended deposition notices served on HNLEA and UBPOA, attached hereto as Exhibits A and B. These topics relate to Plaintiffs' communications with each other, the Defendants, representatives of the Fraternal Order of Police, and other governmental entities like the DOJ and EEOC regarding the "subject matter of the lawsuit."[1] Additionally, despite multiple requests from Defendants, Plaintiffs have still failed to produce all of their responsive and non-privileged communications with the DOJ. As an example, HNLEA sent an email and attachments to the DOJ in July 2017, and one attachment was inexplicably withheld based on a claim of privilege. *See.* Exhibit C. Defendants are entitled to a full production of all DOJ communications prior to taking the HNLEA and UBPOA depositions.

---

[1] Both sides agree that it would be prudent and efficient to await the Court's resolution of the dispute on the deposition topics before taking these depositions.

3

        Respectfully submitted,

        */s/ Craig A. Thompson*
        Craig A. Thompson (Bar No. 26201)
        Venable LLP
        750 East Pratt Street, Suite 900
        Baltimore, Maryland 21202
        Tel: (410) 244-7605
        Fax: (410) 244-7742
        cathompson@venable.com

cc:    All counsel of record