

# AISHA N. BRAVEBOY

State's Attorney for Prince George's County
14735 Main Street, Suite M3403
Upper Marlboro, Maryland 20772
301-952-3500

October 1, 2020

**VIA ECF**
The Honorable Theodore D. Chuang
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re:   *HNLEA et al v. Prince George's County et al*, Civil Action No. 18-TDC-3821

Dear Judge Chuang:

We write pursuant to § II.A of the December 13, 2018 Case Management Order (ECF No. 4), concerning the Office of the State's Attorney for Prince George's County's proposed Motion to Intervene and/or Modify Confidentiality and Protective Order. We conferred with Plaintiff's counsel who indicated via email that they do not object to a filing of our proposed motion. Further, we conferred with Defendant's counsel and were unable to resolve these issues.

*Background*: A group of Black and Latino police officers brought this civil-rights action against Prince George's County and various Prince George's County Police Department ("PGPD") officials, hereinafter ("the County") in 2018. The Plaintiffs, joined by a pair of national affinity groups, assert that PGPD discriminates against Black and Latino officers in a variety of ways and retaliates against those who attempt to report their colleagues' racist conduct. Specifically, the officers contend that PGPD routinely permits white officers to engage in abusive police practices toward both officers and civilians of color – while penalizing officers of color for complaining about such abuses. In their complaint, the officers allege violations of Title VII and the Equal Protection Clause, among other claims.

In February 2020, the County filed a Motion in Limine to exclude certain evidence of officer misconduct at trial. *Defendant's Motion in Limine (ECF No. 134-1), at 1*. The County argued that most of the incidents of racist conduct that Plaintiffs had identified up to that point lacked relevance, were "repetitive and cumulative," and rested on "vague and incomplete information." Id. at 6-7.

*October 1, 2020*
*Page 2*

Plaintiffs disputed County's claim that the misconduct allegations were "repetitive and cumulative" and rested on "vague and incomplete information." To that end, Plaintiffs submitted three detailed reports prepared by Michael Graham, a nationally known expert in policing practices, documenting various incidents and complaints of racist misconduct committed by PGPD officers and officials. *See, first Graham Report (ECF No. 171-1), at 4-6 (summarizing report's findings).* The reports were based on Graham's review of hundreds of pages of PGPD records including various policy documents and officer personnel files (hereinafter collectively known as the "Graham Reports") which Plaintiffs submitted as additional exhibits to their response to the Motion in Limine.

Pursuant to an earlier agreement with the County coupled with this court's Order, Plaintiffs filed large portions of the Graham reports – including almost all the accompanying materials under seal, rendering them inaccessible to the public, including the State's Attorney.

The State's Attorney is required, through discovery, to provide criminal defendants with exculpatory or impeachment information concerning police officers who are involved in their respective cases. The Office of the State's Attorney for Prince George's County ("SAO"), in an effort to comply with its discovery requirements, made a written request dated June 24, 2020 to the County requesting an unsealed and un-redacted copy of the first Graham Report, which includes PGPD records, various policy documents, and officer personnel files, which Plaintiffs submitted as exhibits to their response to the Motion in Limine. *See, Exhibit 1.* The County responded through correspondence from the Office of the County Executive, dated July 7, 2020, denying the SAO's request for the aforementioned material. It cited as a basis for the denial, that while the report "contains discovery information [it] has been deemed confidential by the United States District Court for Maryland. This order was issued as part of the ongoing federal litigation. Therefore, pursuant to the court's order, an un-redacted copy of the report cannot be provided." *See Exhibit 2.*

*Grounds for Motion*: "The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83 (1963). This rule requires the disclosure of both exculpatory evidence and impeachment evidence, *United States v. Bagley*, 473 U.S. 667, 676 (1985) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)), and it now applies regardless of whether the defendant has made a request for disclosure, *United States, v. Agurs*, 427 U.S. 97, 107 (1976). In addition, even if a prosecutor does not actually know of evidence that is favorable to the defendant, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 437 (1995).

October 1, 2020
Page 3

Here, there are allegations of police misconduct contained within the Graham Reports that have been sealed and/or redacted. The State's Attorney is required to obtain the unsealed, un-redacted Graham Reports from the County and/or PGPD and review these materials to determine whether any of these materials contain exculpatory or impeachment information concerning any officer that must be disclosed to defense during discovery.

MD Rule 4-263 provides that the State's Attorney is required to disclose any exculpatory information or impeachment information that tends to impeach a State's witness. The State's Attorney has an obligation to exercise due diligence to identify all the material information that must be disclosed. This due diligence obligation applies even if the police do not provide the relevant information to the prosecutor's office. Although the police may "sometimes fail to inform a prosecutor of all they know," the Supreme Court has emphasized that "procedures and regulations can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case to every lawyer who deals with it." Id at 438 (quoting Giglio, 405 U.S. at 154). In this case, the Graham Reports contain several cases involving allegations of racial harassment, abusive language, use of force, and criminal misconduct by PGPD officers. The State's Attorney is aware that the County is in possession of the Graham Reports that contain allegations as described above. The State's Attorney is required to obtain an unsealed and/or unredacted copies of the Graham Reports and disclose exculpatory or impeachment information that is contained within the Graham Reports to the required parties.

Police are an arm of the prosecution and thus discovery disclosure requirements applicable to the prosecution apply to the police as well. *Robinson v. State*, 354 Md. 287, 1999. Police departments are required to disclose records and statements of officers made during investigations conducted by the department's Internal Affairs Division, (hereinafter "IAD") that contain exculpatory information. State's Attorneys are deemed to be in constructive possession of statements given by officers during IAD investigations and must be provided to defense as part of the State's discovery requirements.

Here, notwithstanding the facts that PGPD is deemed to be an arm of the prosecution the County has relied on the court's Order of Confidentiality and Protection as a basis for not to providing the State's Attorney access to the Graham Reports which contain *Brady* or *Giglio* material.

Absent the court's order, the SAO may be legally entitled to some or all of the information contained within the Graham Reports. As mentioned, the County acknowledges that the report contains discoverable information. Nevertheless, we are not able to fully determine the scope of information without the unredacted reports. Further, the SAO is not the "public". But rather, an independent agency responsible for investigating and prosecuting criminal conduct in Prince George's County.

October 1, 2020
Page 4

If the State's Attorney's proposed Motion to Intervene and/or Modify Confidentiality and Protective Order is granted, the SAO pursuant to its current practices will maintain confidentiality of the unsealed and/or unredacted Graham Reports. The SAO will only disclose their relevant contents to satisfy its constitutional and statutory discovery obligations to the defense pursuant to an order from the Circuit Court for Prince George's County. It is not the SAO's intention to make the Graham Reports public.

For the reasons, above, the State's Attorney for Prince George's County through her Office, requests that the Court schedule a Pre-Motion Conference and order expedited briefing on motions addressing the issues noted above or in the alternative, direct SAO to file its Motion accordingly.


October 1, 2020

                        Respectfully Submitted,
                        **AISHA N. BRAVEBOY**
                        **STATE'S ATTORNEY**


                        By: _____/s/_Perry Paylor_____
                        Perry Paylor, Bar No. 12919
                        Deputy State's Attorney for Prince George's County
                        14735 Main Street
                        Suite M3403
                        Upper Marlboro, MD 20772
                        301-952-3585 Phone
                        plpaylor@co.pg.md.us


cc   Craig A. Thompson, Esq. Counsel for Defendant
     Rhonda L. Weaver, Esq., County Attorney for Prince George's County
     John A. Freedman, Esq. Counsel for Plaintiff
     Dennis A. Corkery, Esq. Counsel for Plaintiff

# EXHIBIT 1



**AISHA N. BRAVEBOY**
STATE'S ATTORNEY

**JASON B. ABBOTT**
PRINCIPAL DEPUTY STATE'S ATTORNEY

State's Attorney for Prince George's County
14735 Main Street, Suite M3403
Upper Marlboro, Maryland 20772
301-952-3500

June 24, 2020

Honorable Angela D. Alsobrooks
County Executive for Prince George's County
1301 McCormick Drive, Suite 400
Largo, MD 20774

Re:   **Unredacted Report Request – Preliminary Expert Report of Michael E. Graham**

Dear County Executive:

Thank you for confirming receipt of my letter dated June 19, 2020. As a follow-up, please allow this communication to serve as a request for the unredacted version of the Preliminary Expert Report of Michael E. Graham hereinafter, ("Preliminary Expert Report").

As you are aware, we are actively reviewing and investigating cases involving officers that may have been named in the Preliminary Expert Report.

In order for my office to review these cases effectively, it is important for us to have all relevant and discoverable information, to include the Preliminary Expert Report. My hope is that my Office's independent review will assist in our mutual goal of accountability and transparency as we work together in addressing and implementing reforms to our justice system.

I look forward to hearing back from you regarding this request on or before Thursday, July 2, 2020. Please feel free to contact me with any questions or concerns.

Very truly yours,

*Aisha Braveboy*

Aisha N. Braveboy,
State's Attorney for Prince George's County

cc:   Jason B. Abbott, Principal Deputy State's Attorney
Judith S. Danso, Chief of Staff
Mark A. Magaw, Deputy Chief Administrative Officer
Joy A. Russell, Chief of Staff
Rhonda L. Weaver, County Attorney

# EXHIBIT 2



# THE PRINCE GEORGE'S COUNTY GOVERNMENT
## OFFICE OF THE COUNTY EXECUTIVE

July 7, 2020

Honorable Aisha Braveboy
State's Attorney for Prince George's County, Maryland
14735 Main Street, Suite M3403
Upper Marlboro, Maryland 20772

      Re: Unredacted Report Request – Preliminary Expert Report of Michael E. Graham

Dear State's Attorney Braveboy:

      In response to your letter dated June 24, 2020 regarding the above subject, the Office of Law has informed me the preliminary report from Mr. Graham contains discovery information that has been deemed confidential by the United States District Court for Maryland. This order was issued as part of the ongoing federal litigation. Therefore, pursuant to the court's order, an unredacted copy of the report cannot be provided.

      However, the Police Department remains responsible for providing Brady and Giglio material for every case that they present to State's Attorney Office for prosecution. This can remain the practice by which this type of information is provided.

      Sincerely,

      *Angela Alsobrooks*

      Angela Alsobrooks
      County Executive

cc:    Joy A. Russell, Chief of Staff
        Mark A. Magaw, Deputy Chief Administrative Officer
        Rhonda L. Weaver, County Attorney
        Jason B. Abbott, Principal Deputy State's Attorney
        Judith S. Danso, Chief of Staff