# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PRINCE GEORGE'S COUNTY, *et al.*, <br><br> Defendants. | Civil Action No. 8:18-cv-03821 <br><br> Hon. Theodore D. Chuang |

## MOTION FOR INTERIM SEAL

Pursuant to the Court's Order of July 1, 2019, ECF-72, and Local Rule 105.11, Plaintiffs hereby move for an order allowing them to file an unredacted version of their Status Report and Proposal Regarding Schedule and Plan for Any Additional Discovery and the Exhibits attached thereto under seal. As provided in that Order, Plaintiffs are filing the redacted version of that Response and exhibits solely to honor, for the moment, the Defendants' designation of certain materials as "CONFIDENTIAL" within the meaning of the Order.

Plaintiffs also hereby serve notice that, as further provided in Paragraph 2 of the July 1, 2019 Order—and as set forth in numerous similar motions filed since—that to the extent the documents contain confidential information about the discipline or lack of discipline of individual officers, any legitimate interest in maintaining that level of confidentiality can be readily achieved, as other judges of this Court have recognized, by the redaction of the individual names. Indeed, it appears the Defendants or their counsel designated virtually every document in their productions as "CONFIDENTIAL" without regard to their contents.

Plaintiffs have been forced to redact discussion of particular documents concerning discriminatory or racist acts and statements, or other unlawful conduct—in some cases already the subject of public news accounts—solely because of Defendants' wholesale confidentiality designations. Plaintiffs' redactions and filing of this interim motion are being made without prejudice to the effort, which has now been in process for more than five months to remove those improper designations.

For reasons previously discussed in Plaintiffs briefs concerning sealing of similar materials (ECF 197, 280, 321, 355), and with the exception of non-party individuals' names, which Plaintiffs agree should remain redacted, the maintenance of a seal on those documents would be contrary to Local Rule 105.11, the prior decisions of the other judges of this Court, and the controlling law of the Fourth Circuit.

## ARGUMENT

Under Local Rule 105.11, the controlling law of the Fourth Circuit, and the decisions of the other judges of this Court in similar circumstances, this Court should unseal the documents in question unless the Court finds—on the basis of a real factual record (rather than mere assertions of Defendants' counsel)—that there is some "compelling government interest" in maintaining the seal that cannot be satisfied in any alternative, "narrowly tailored" manner, such as the redaction of specific identifying information.

## I. The Controlling Legal Standard

Local Rule 105.11 provides that "Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the court record shall include (a) proposed reasons supported by specific factual representations to justify the ceiling and (b) an explanation why alternatives to ceiling would not provide sufficient protection." Local Rule 105.11 follows the

2

controlling decisions of the Fourth Circuit which recognizes that there is a strong presumption that any document filed as part of a pleading should be publicly available unless there are "compelling" reasons to maintain it under seal which cannot be met in any other way. *Rushford v. New Yorker Magazine*, 846 F.2d 249 (4th Cir. 1988).

In *Rushford,* the Court of Appeals recognized that there were two foundations for that demanding standard. First, the Court recognized that "under common law, there is a presumption of access accorded to judicial records." *Id.* at 253 (citing *Nixon v. Warner Communications, Inc.*, 435 U. S. 589, 597 (1978)). That general guarantee of public access to judicial files is alone sufficient to overcome a party's desire to seal a pleading in most circumstances.

The *Rushford* court then added that the general presumption of public availability must be afforded **even greater** weight under the First Amendment where the documents at issue relate to a matter of public interest. The Fourth Circuit – citing both the Supreme Court's decision in *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) and its own prior decision in *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) – explained that, "under the First Amendment the denial of access must be necessitated by a compelling government interest and narrowly tailored to preserve that interest." 846 F.2d at 253. The Fourth Circuit then squarely held that "the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case." *Id*.

In *Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014), the Fourth Circuit, considered a request by the media for access to reports about a defective product – which had been sealed during the course of civil litigation before a different judge of this Court. The court reviewed its decision in *Rushford,* and the cases that followed, in holding that the district judge

3

had erred in sealing summary judgment motions "and accompanying materials." *Id.* at 268.  The Court of Appeals restated its holding in *Rushford* that "the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Id*. at 267.  The Fourth Circuit further explained that its decisions "recognize[] the right of access to documents as a necessary corollary of the capacity to attend the relevant proceedings." *Id*. (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)).

Turning to the documents at issue in *Doe*, the Fourth Circuit explained that

the sealed documents in this case implicate public concerns that are at the core of the interest protected by the right of access:  "the citizens desire to keep a watchful eye on the workings of public agencies…[and] the operation of the government.  **The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.  Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.**

749 F.2d at 271 (emphasis added) (internal citations omitted).

There can be no doubt that the redacted portions of Plaintiffs Status Report and Proposal Regarding Schedule and Plan for Any Additional Discovery and the Exhibits attached thereto fall in that category.  As these materials establish, each of the documents which Defendants are now trying to hide from public review are either direct evidence of acts of racial discrimination, harassment, or retaliation by members of the PGPD, discrimination in how the PGPD investigates or disciplines its officers, discrimination in its promotional process, **or** comments by senior leadership condoning such misconduct.  These are all public officers.

In the years since *Rushford* was decided, the Fourth Circuit has consistently re-affirmed its holding and indeed expanded its reach.  And, in at least one case, the Court of Appeals made

4

clear that documents concerning the operations of the police are prime examples of the type of document in which the public is rightly interested:

> Society has an understandable interest not only in the administration of criminal trials, but also in law enforcement systems and how well they work. The public has legitimate concerns about methods and techniques of police investigation: for example, whether they are outmoded or effective, and whether they are unnecessarily brutal or instead cognizant of suspects' rights.

*Matter of Application & Affidavit for a Search Warrant*, 923 F.2d 324, 331 (4th Cir. 1991).

The judges of this Court have likewise consistently applied the strong presumption against sealing any materials filed in a judicial proceeding. **In the last year, four different judges of this Court in five different cases have denied motions to maintain a seal on a variety of materials filed in pre-trial proceedings.** *Lamb v. Madly,* 2020 WL 2512413 (D. Md. May 15, 2020) (Xinis, J.) (denying seal to Amended Complaint and attached exhibits containing personal information); *Flournoy v. Rushmore Loan Management Services, LLC,* 2020 WL 1285504 (D. Md. March 17, 2020) (Xinis, J.) (denying motion to seal operational manual attached to pleadings related to class certification and motion to dismiss); *Benchmark Electronics, Inc. v. Meyers,* 2019 WL 6528587 (D. Md. Dec. 3, 2019) (Hazel, J.) (denying motion to seal arbitration materials deemed confidential under commercial agreement which were attached to motions to confirm arbitral award and to strike); *Ganzzermiller v. University of Maryland Upper Chesapeake Medial Centr*, 2019 WL 4751457 (D. Md. Sept. 30, 2019) (Blake, J.) (denying motion to seal motion for summary judgment and attached exhibits containing "private and personal information" and ordering redaction of "only demonstrably confidential personal medical information entitled to protection"); *Sanchez Carrera v. EMD Sales, Inc.,* 402 F. Supp. 3d 128, 152 (D. Md. August 21, 2019) (Bredar, C.J.) (denying motion to seal "confidential" sales agreement attached to cross-motions for summary judgment).

5

Plaintiffs have discussed this case law in various prior filings concerning other sealed materials (*e.g.,* (ECF 197, 280, 321, 355)) and to date, Defendants have not substantively addressed or responded to this authority.

**II.     The Materials Are of Interest to the Press and Public.**

The press and public at large are paying close attention to these proceedings and are concerned that, thus far, discrimination and other misconduct by senior PGPD officials has been kept from public review.  This is evident by, among other things, the request by various media and civil rights organizations and the Office of Public Defender (ECF 282, 283, 332, 335) to intervene in this matter to unseal expert reports which led to the resignation of Defendant Stawinski, as well as the efforts of the County State's Attorney Office to access the same reports (ECF 305, 322) .

It is thus clear that both the press and senior county law enforcement officials appreciate the importance of these reports.  Indeed, in the wake of the release of Sheriff Graham's preliminary report and the forced resignation of Chief Stawinski, County Executive Alsobrooks and Interim Chief Velez issued statements that are consistent with the unsealing of the records in question *and* entirely inconsistent with the sealing now being pressed  by the County's attorneys. At a press conference the day after the release of the Report, Ms. Alsobrooks and Interim Chief Velez both said that they were committed to "transparency" in that review of all conduct at PGPD.  That Ms. Alsobrooks announced a new commission on police reform the day after its release was not lost on the press or public.  *See* WTOP, *Task Force on Police Reform Announced in Prince George's County* (July 3, 2020).

Defendants have previously made the remarkable assertion that release of the Graham Report and the related documents "would be imprudent … right now given the current political

and social climate." ECF 196 at 3. Although one may understand why the senior leadership of

PGPD does not want the press and public to have access to PGPD email and other files

describing the racist acts of certain leaders and officers, that is hardly a "compelling"

government interest. To the contrary, PGPD's concerns about public review only underscore the

importance of the right of public and press access to that information.

## III.    Under Rule 105.11 and Controlling Caselaw, the Documents Should be Unsealed

Under Local Rule 105.11 and the decisions of other judges of this Court, there is no

justification for continued sealing of these materials—certainly not by concerns that can easily

be met by a series of quick redactions. The decision of Judge Hollander in *Johnson v. Baltimore*

*City Police Department*, 2013 WL 497868 (D. Md. 2013), is particularly instructive.

Like this case, *Johnson* involved a claim of employment discrimination (disability) filed

against a Maryland police department. *Id.* at *1. As in this case, in *Johnson* the defendant police

department had been required to produce information "from plaintiff's personnel file and the

personnel files of six other officers who plaintiff identifies as similarly situated comparators."

*Id*. As in this case, the defendant police department in *Johnson* had then moved (through

summary judgment) to pre-empt further consideration of the facts disclosed in those files. *Id.*

And, just as in this case, in *Johnson* the defendant police department tried to justify a seal on the

grounds that the documents contained sensitive "personnel" information. *Id.*

Judge Hollander rejected that request, without even requiring the plaintiff to submit an

opposing brief. In so deciding, she referenced the clear requirements of Local Rule 105.11 and

quoted the Fourth Circuit caselaw establishing the related propositions that "in ruling on a

motion to seal, 'the [D]istrict Court must…weigh the appropriate competing interests' in public

access on the one hand and confidentiality on the other" and must further "consider less drastic

alternatives to sealing." *Id.* (quoting *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir 2004)).

Judge Hollander then turned to the Baltimore Police Department's argument that unsealing the personnel records would violate Maryland law on the right of the general public to view the records of public agencies:  "The core of the BPD's request for sealing is its assertion that matters drawn from the personnel files of plaintiff and her comparator officers are confidential under Maryland law.  To support this assertion, defendant cites provisions of the Maryland Public Information Act."  *Id.* at *2.  Without even deciding whether the documents might be entitled to some protection under state law, Judge Hollander rejected the police department's sealing request because their demand that the exhibits be sealed "has failed to convince me that less drastic 'alternatives to sealing would not provide sufficient protection.'" *Id.* at *3 (quoting Local Rule 105.11 and citing *Va. Dep't of State Police*, *supra*, 386 F.3d at 576).[1]

Judge Hollander focused on the obvious alternative of redacting identifying information, such as names, from the personnel files, referencing the Maryland Court of Appeals:

> I am convinced that redaction of the comparator officers' personnel records would
> provide sufficient protection of confidentiality interests.  This is especially so
> because the Maryland Court of Appeals's recent decision in *Maryland
> Department of State Police v. Maryland State Conference of NAACP
> Branches*…indicates that once a record has been appropriately redacted to remove
> information that could connect a record to a particular "individual" employee, the

---

[1] Defendants have previously cited *Montgomery County Maryland v. Shropshire* for the proposition that "records of an internal investigation pertaining to the alleged violation of administrative rules" are "personnel records" under the MPIA.  420 Md. 362, 378 (Md. 2011).  However, that case did not address whether, as here, less drastic measures than sealing were available.  *See, id.*  In any event, Defendants' bare assertion that personnel records are covered by the state MPIA cannot overcome the strong presumption in favor of public access to court records under federal law. *See Johnson*, 2013 WL 497868, at *2.  Indeed, this Court has repeatedly made clear that the MPIA cannot be used as a way to obstruct the Federal Rules of Civil Procedure.  *See, e.g., McDonnell v. Hewitt-Angleberger*, 2012 WL 6088830, at *2 (D. Md. 2012) (citing numerous prior decisions on point and summarily rejecting defendants' motion for protective order seeking nondisclosure or confidentiality of police internal affairs records based upon MPIA or LEOBR arguments).

redacted record is no longer a "personnel record of an individual" within the meaning of [the Maryland Public Information Act]. *Id.*

This analysis equally applies to the documents at issue here. *Maryland Department of State Police,* 59 A.3d 1037 (Md. 2013), concerned a request by the NAACP for documents involving complaints of racial profiling, including all complaints investigated by the State Police Internal Affairs unit and all documents reflecting the conclusion of those investigations. After the State Police refused to provide the documents – citing the "personnel records" exemption of the MPIA – and the NAACP sued to obtain access, the Maryland Court of Appeals held that the redaction of the identity of officers' names was entirely sufficient to permit general public disclosure, even with the various exemptions from such access set in the MPIA. *Id.* at 1046-47. As Judge Hollander recognized, that decision by the Maryland Court of Appeals applies perforce where, as here, a police force seeks to seal its investigative files which are attached to pleadings filed in a federal discrimination case – where, again, the obvious solution is simple redaction.

Judge Hollander even set forth the precise procedure for handling such documents without any overall seal: "On the basis of the BPD's arguments in the Motion to Seal, I see no reason that the records of the comparator officers could not be redacted and referred to by pseudonym (for instance, "Officer A," "Officer B," etc.) in the exhibits and the briefing…." 2013 WL 497868 (D. Md. 2013) at *5. *See also  Solomon v. Kess-Lewis*, 2013 WL 4760982, at *1 (D. Md. 2013) (motion to seal denied where party failed to show "why redactions, as opposed to sealing records in their entirety, would not provide sufficient protection."). Such a process would only take a few hours, and that approach can easily be followed here.

## CONCLUSION

The unredacted versions of Plaintiffs' Status Report and Proposal Regarding Schedule and Plan for Any Additional Discovery and the Exhibits attached thereto, with the exception of non-party individuals' names, should be unsealed.

Dated: December 2, 2020

Respectfully submitted,

  /s/ John A. Freedman           

| | |
|---|---|
| Dennis A. Corkery (D. Md. Bar No. 19076)<br>Joanna Wasik (D. Md. Bar No. 21063)<br>WASHINGTON LAWYERS'<br>  COMMITTEE FOR CIVIL RIGHTS AND<br>  URBAN AFFAIRS<br>700 14th St., Suite 400<br>Washington, DC 20036<br>(202) 319-1000<br>dennis_corkery@washlaw.org<br>joanna_wasik@washlaw.org | John A. Freedman (D. Md. Bar No. 20276)<br>Peter T. Grossi, Jr. (admitted *pro hac vice*)<br>Adam M. Pergament (admitted *pro hac vice*)<br>Mei-Wah Lee (admitted *pro hac vice*)<br>Preston Smith (D. Md. Bar No. 21232)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave., NW Washington, DC 20001-3743<br>John.Freedman@arnoldporter.com<br>Peter.Grossi@arnoldporter.com<br>Adam.Pergament@arnoldporter.com<br>Mei-Wah.Lee@arnoldporter.com<br>Preston.Smith@arnoldporter.com |
| Deborah A. Jeon (D. Md. Bar No. 06905)<br>ACLU OF MARYLAND<br>3600 Clipper Mill Road, Suite 350<br>Baltimore, MD 21211<br>(410) 889-8555<br>jeon@aclu-md.org | *Counsel for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2020, a copy of the foregoing was served via the

Court's CM/ECF system on all counsel of record.


*/s/ John A. Freedman*
John A. Freedman

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

HISPANIC NATIONAL LAW
ENFORCEMENT ASSOCIATION NCR, *et al.*,

                Plaintiffs,

     v.

PRINCE GEORGE'S COUNTY, *et al.*,

                Defendants.

Civil Action No. 8:18-cv-03821

Hon. Theodore D. Chuang

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Interim Sealing Motion, it is hereby

**ORDERED** that Plaintiffs' Interim Sealing Motion is **GRANTED**; and

**ORDERED** that unredacted versions of Plaintiffs' Status Report and Proposal Regarding

Schedule and Plan for Any Additional Discovery and Exhibits attached thereto be filed under seal

pending judicial resolution of Defendants' substantiation of their confidentiality designations.

**SO ORDERED** on this ___ day of _____, 2020.

_____
THEODORE D. CHUANG
United States District Judge