# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, UNITED BLACK POLICE OFFICERS ASSOCIATION, MICHAEL ANIS, MICHAEL BROWN, THOMAS BOONE, DANITA INGRAM, PAUL MACK, JOSEPH PEREZ, TASHA OATIS, CHRIS SMITH, RICHARD TORRES, SONYA L. ZOLLICOFFER, PATRICK MCCLAM, SHARON CHAMBERS and ADRIAN CRUDUP,<br><br>        Plaintiffs,<br><br>    v.<br><br>PRINCE GEORGE'S COUNTY, HENRY P. STAWINSKI, III, *individually*, MARK A. MAGAW, *individually*, CHRISTOPHER MURTHA, *individually*, and MAJOR KATHLEEN MILLS, *individually*,<br><br>        Defendants. | Civil Action No. TDC-18-3821 |

## MEMORANDUM OPINION

Plaintiffs Hispanic National Law Enforcement Association NCR ("HNLEA") and United Black Police Officers Association ("UBPOA"), along with 13 of their members who are or were employed by the Prince George's County Police Department ("PGCPD"), have brought this civil rights action against Prince George's County, Maryland ("the County") and four PGCPD officials

in their individual capacities, alleging discrimination and retaliation against officers of color perpetrated pursuant to County customs and practices of discrimination and retaliation. Pending before the Court are separate Motions to Seal filed by Plaintiffs and Defendants addressing whether briefs and exhibits filed in relation to Defendants' Motion *In Limine* should remain redacted or under seal pursuant to designations that certain material is "Confidential" within the meaning of the parties' Confidentiality Order. The National Association for the Advancement of Colored People, Prince George's County Branch ("NAACP"); the Greater D.C. Chapter of the National Action Network ("NAN"); Community Justice; the Independent World Television, Inc. (also known as "The Real News Network" or "TRNN"); and the Prince George's County Office of the Public Defender ("the Public Defender's Office") (collectively "the Intervenors") have filed Motions to Intervene and Unseal Court Records seeking permissive intervention for the purpose of arguing for the unsealing of the filings in dispute. Relatedly, the State's Attorney's Office for Prince George's County ("the State's Attorney's Office") has filed a Motion to Modify the Confidentiality Order. Having reviewed the submitted materials, the Court finds that no hearing is necessary to resolve the issue of intervention. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions to Intervene will be GRANTED IN PART, and the State's Attorney's Office will be granted leave to file a Motion to Intervene to accompany its Motion to Modify the Confidentiality Order.

## BACKGROUND

The claims in this case are fully described in the Court's two previous memorandum opinions on Defendants' First Motion to Dismiss, *Hispanic Nat'l Law Enf't Ass'n NCR v. Prince George's Cty.*, No. TDC-18-3821, 2019 WL 2929025, at *1-2 (D. Md. July 8, 2019), and Defendants' Motion for Partial Dismissal of Plaintiffs' Amended Complaint ("the Second Motion

to Dismiss"), *Hispanic Nat'l Law Enf't Ass'n NCR v. Prince George's Cty.*, No. TDC-18-3821, 2020 WL 903205, at *1-2 (D. Md. Feb. 25, 2020), both of which are incorporated herein by reference.

After the Court's resolution of the Second Motion to Dismiss, Defendants filed a Motion *In Limine* requesting that the Court issue an order (1) restricting the number of alleged "untethered acts" on which Plaintiffs may rely at trial to 20; (2) requiring Plaintiffs to identify the untethered acts that they will seek to introduce at trial; and (3) granting the parties additional interrogatories and requests for production of documents to obtain discovery relating to those untethered acts. Mot. *in Limine* at 1, ECF No. 134-1. In responding to that motion, Plaintiffs filed several documents with redactions or provisionally under seal, including their brief in opposition to Defendants' Motion *In Limine*, a preliminary report by expert witness Michael Graham, a declaration by Plaintiffs' attorney John A. Freedman, and other exhibits. These filings were consistent with the requirements of a Confidentiality Order agreed to by the parties, which provides that either party may mark a document or portion of a document produced in discovery as "confidential" if the party, on a good faith basis, believes that it contains "sensitive personal, medical, financial, or disciplinary information." Confidentiality Order at 1-2, ECF No. 72. If a party seeks to include such "confidential" information in a court filing, it should provisionally redact the information or file it under seal, accompanied by an Interim Motion to Seal seeking a court ruling on whether it should remain sealed. *Id.* at 5. In their original Interim Motion to Seal, Plaintiffs stated that while these documents were filed with redactions or under seal in accordance with Defendants' confidentiality designations, they did not seek for the documents and redacted material to remain under seal because they believed that the provisionally sealed information either does not actually disclose information protected by the Confidentiality Order or that it nevertheless

should be unsealed based on the general rule that court filings should be made available to the public. Defendants, however, argue that the briefs and exhibits, in fact, disclose sensitive employment and disciplinary information of PGCPD personnel and should remain redacted or under seal.

The Court subsequently granted Plaintiffs leave to file an updated expert report by Graham ("the Graham Report"), and Plaintiffs did so with redactions based on Defendants' confidentiality designations but maintain that this updated report should similarly be unsealed. Defendants have filed supplemental objections to the unsealing of the Graham Report.

After the filing of the Graham Report, the NAACP, NAN, Community Justice, and TRNN ("the Organizational Intervenors") filed a Motion to Intervene and Unseal Court Records, ECF No. 283, and the Public Defender's Office filed a separate Motion to Intervene and Unseal, ECF No. 282. Both Motions seek permissive intervention for the limited purpose of arguing for the unsealing of the Graham Report, and the Organizational Intervenors also seek the unsealing of the attached exhibits. Relatedly, the State's Attorney's Office has filed a Motion to Modify the Confidentiality Order, ECF No. 305, requesting that the order be amended to allow the PGCPD to disclose to the State's Attorney's Office materials covered by that order, including the Graham Report.

## DISCUSSION

### I.    Motions to Intervene

In their Motions, the Intervenors seek permissive intervention pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of challenging the redactions and sealing of the Graham Report and other documents filed in relation to Defendants' Motion *in Limine*. Under Rule 24(b), a Court may grant non-statutory permissive intervention to anyone who files a "timely

4

motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion under Rule 24(b), the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The parties do not dispute the timeliness of the Intervenors' Motions.

The Intervenors include one news organization, TRNN; three public interest organizations, the NAACP, NAN, and Community Justice; and one government agency, the Public Defender's Office. The United States Court of Appeals for the Fourth Circuit has previously permitted news organizations to intervene in actions for the limited purpose of challenging a court's sealing orders. For instance, in *Stone v. University of Maryland Medical Systems Corp.*, 855 F.2d 178 (4th Cir. 1988), the Baltimore Sun was permitted to intervene to challenge a district court's decision to seal the entire record in a medical malpractice case against the medical staff of a state hospital. *Id.* at 180. Similarly, in *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988), the court granted the Washington Post's motion to intervene to seek the unsealing of summary judgment filings in a defamation lawsuit. *Id.* at 252.

More broadly, the Fourth Circuit has recognized that "the right of access [to judicial records] is widely shared among the press and the general public alike," such that "a large segment of the citizenry" shares a concrete "informational interest[]." *Doe v. Pub. Citizen*, 749 F.3d 246, 263-64 (4th Cir. 2014). Based on this reasoning, the Fourth Circuit has found that "public interest organizations that advocate directly on the issues to which the underlying litigation and the sealed materials relate" have a right to seek a remedy in court when they are denied access to documents for which "they allege a right to inspect." *Id.* at 264. In line with this principle, the Fourth Circuit has allowed other members of the public to intervene in sealing disputes. *See, e.g., Stone*, 855

F.2d at 180 (granting a motion to intervene by hospital staff members to oppose the Baltimore Sun's motion to unseal).

Despite the controlling precedent establishing that permissive intervention to challenge sealing orders may be granted for a broad range of third parties, including the press, public interest groups, and other non-parties, Defendants nevertheless oppose intervention on several grounds. First, they argue that permissive intervention is inappropriate because the Intervenors' interests are already adequately represented by Plaintiffs, who are asking for the same relief. The Intervenors' interests, however, are not fully aligned with those of Plaintiffs because the Intervenors forcefully argue for the disclosure of all names in the Graham Report. More importantly, the issue of the adequacy of representation of an intervenor's interests by existing parties is a factor that must be considered on a motion for intervention as of right under Rule 24(a), not on a motion for permissive intervention. *Compare* Fed. R. Civ. P. 24(a) (outlining the factors to consider for mandatory intervention) *with* Fed. R. Civ. P. 24(b) (outlining the factors to consider for permissive intervention). Notably, *Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013), the primary case relied upon by Defendants for this argument, analyzed the issue in relation to a motion for intervention as of right. *Id.* at 350-55. Further, even when courts denied mandatory intervention because the movants failed to demonstrate that their interests were not adequately represented by parties in the case, they have in some such cases granted permissive intervention after consideration of the factors under Rule 24(b). *See, e.g., CX Reinsurance Co. v. Leader Realty Co.*, 319 F.R.D. 487, 489 (D. Md. 2017) (denying mandatory intervention because the intervenors and defendants shared the same ultimate objective of obtaining a payment of insurance proceeds, but granting permissive intervention because the intervenors' claims shared a common question about the insurance policy and no delay or prejudice would occur); *First Penn-Pacific Life In. Co. v. William R. Evans,*

*Chartered*, 200 F.R.D. 532, 538 (D. Md. 2001) (denying mandatory intervention because the intervenors failed to establish that the defendants could not adequately represent their interests, but granting permissive intervention because there was a common question about the insurance policy and no delay or prejudice would occur). Here, the Intervenors' claims for the unsealing of the Graham Report share "a common question of law or fact" with those of Plaintiffs, in that the Intervenors and Plaintiffs all seek unsealing of the same records based on First Amendment and common law principles of access to judicial records. Fed. R. Civ. P. 24(b)(1)(B). Thus, regardless of whether the Intervenors' interests are adequately represented by Plaintiffs, the primary requirement for permissive intervention is satisfied.

Second, Defendants argue that intervention should be denied because it would "delay and over-complicate" the proceedings and prejudice Defendants. Opp'n Mot. Intervene at 16, ECF No. 322. Allowing the Intervenors into the case for the limited purpose of objecting to the sealing of the Graham Report will not lead to delay or prejudice to Defendants. The Intervenors have already fully briefed the merits of the sealing issue, and though they offer certain additional arguments in favor of unsealing to be considered by the Court, intervention does not create a risk that Defendants will now face additional issues that will be the subject of discovery, or additional legal issues complicating the adjudication of the merits. *Cf. Am. Coll. of Obstetricians & Gynecologists v. U.S. Food & Drug Admin.*, 467 F. Supp. 3d 282, 292 (D. Md. 2020) (denying permissive intervention where the proposed intervenors sought to inject into the case legal issues outside the scope of the plaintiffs' complaint, thus creating potential complications to the discovery process and consuming additional resources of the court and parties). Rather, the unsealing of the Graham Report is a discrete issue with no impact on the adjudication of the merits of the case. Although Defendants argue that the disclosure of information in the Graham Report will create

public relations issues that will prejudice their ability to receive a fair trial, that issue goes to the merits of the Motions to Seal, not the question of intervention. Thus, the Court finds that granting the motion to intervene will not create any added delay or prejudice that would weigh against such a ruling.

Finally, Defendants argue that the Public Defender's Office, as a state agency created and governed by Maryland law, lacks statutory authority to intervene in the present action. In particular, Defendants cite to Maryland law stating that "[t]he primary duty of the Public Defender is to provide representation for indigent individuals," Md. Code Ann., Crim. Proc. § 16-207(a) (LexisNexis 2018), and that the Public Defender's Office is not prohibited from "representing an indigent individual in federal court . . . if the matter arises out of or is related to an action pending or recently pending in a court of criminal jurisdiction of the State," *id.* § 16-206(a). Defendants argue that intervention in this action "falls far outside [the Public Defender's Office's] statutory mandate." Opp'n Mot. Intervene at 10.

This argument fails because the plain language identified by Defendants does not restrict the activities Public Defender's Office only to individual representations of criminal defendants, and in moving to intervene, the Public Defender's Office is not seeking to represent such a defendant in a federal criminal case outside the terms of the statute. Indeed, Maryland Public Defender's Offices have historically participated in federal civil cases even when neither party in the case was one of its indigent clients, demonstrating that the Office may engage in litigation and other actions beyond the narrow confines of sections 16-207 and 16-206. *See, e.g., Martinez v. Sessions*, 892 F.3d 655, 655 (4th Cir. 2018) (noting that the Public Defender's Office appeared as amicus curiae in a federal case); *White v. Office of the Pub. Def. for the State of Md.*, 170 F.R.D. 138, 138 (D. Md 1997) (noting that the Public Defender's Office appeared as a defendant in a civil

case in federal court). Moreover, "[i]t is wholly clear that the right to intervene in a civil action pending in a United States District Court is governed by Rule 24 and not by state law." 7C Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1905 (3d ed. 2020). Where the "qualified right of access to judicial documents and records filed in civil . . . proceedings . . . springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny," *Doe*, 749 F.3d at 265, an entity such as the Public Defender's Office with an articulated interest in access to the judicial records in question may properly intervene under Rule 24 even without explicit state statutory authority to do so.

In summary, where existing Fourth Circuit precedent demonstrates that permissive intervention by non-parties is appropriate for the limited purpose of challenging the sealing of court filings, and intervention is warranted upon consideration of the Rule 24(b) factors, the Court will grant the Intervenors' Motions on the issue of intervention.

## II.    Motion to Modify the Confidentiality Order

The State's Attorney's Office has separately filed a Motion to Modify the Confidentiality Order to permit it to receive materials designated by the parties as confidential for the purposes of fulfilling discovery requirements in state criminal cases. As noted by Defendants, however, in filing the Motion, the State's Attorney's Office did not seek intervention under Rule 24 or otherwise cite authority for its filing of a motion and seeking of relief in a case to which it is not a party. Several United States Courts of Appeals have recognized that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (citing cases); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (stating that "despite the lack of a clear

fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders," and citing several circuits that came to the same conclusion).  Although the State's Attorney's Office, in its reply brief, references Rule 24, it has never actually moved to intervene in the case.  *Cf. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (noting that "[i]t is well-established that parties cannot amend their [pleadings] through briefing or oral advocacy"); *A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 369 (4th Cir. 2008) (noting that "[i]t is a well settled rule that contentions not raised in the argument section of the *opening brief* are abandoned") (quoting *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004)).  Thus, the State's Attorney's Office's Motion is procedurally defective and may be denied on this basis.  Nevertheless, where this defect is easily cured, intervention to challenge confidentiality orders is generally permitted, the State's Attorney's Office is similarly situated to the Intervenors on the issue of permissive intervention, and the Court and parties are presently addressing the related issue of the sealing of records pursuant to the Confidentiality Order, the Court will not deny the Motion at this time.  Rather, it will grant the State's Attorney's Office leave to file a Motion to Intervene within seven days of this ruling.  Failure to do so will result in the denial of the Motion to Modify the Confidentiality Order.

## CONCLUSION

For the foregoing reasons, the Intervenors' Motions to Intervene, ECF Nos. 282, 283, will be GRANTED IN PART in that permissive intervention will be granted. The State's Attorney's Office will be granted seven days to file a Motion to Intervene to accompany its Motion to Modify the Confidentiality Order. A separate Order shall issue.

Date:  January 19, 2021

THEODORE D. CHUANG
United States District Judge