February 10, 2021

**VIA ECF Filing**

Honorable Theodore D. Chuang
United States District Court
 for the District of Maryland

    Re:    **Notice of Intent to Move to Strike Declarations Attached to Plaintiffs' Motion for Preliminary Injunction**

Dear Judge Chuang:

    I write pursuant to the Court's Case Management Order (ECF 4) to seek the Court's permission to file a motion requesting to strike all or portions of the fact and expert witness declarations attached to Plaintiffs' Motion for Preliminary Injunction (ECF 395). These declarations should be stricken because: (1) they do not comply with the attestation requirements of 28 U.S.C. § 1746; (2) they are not signed as required by the rules of this Court; and (3) they are not offered based on the declarant's personal knowledge.

    First, the declarations of Thomas Boone (ECF 395-3), Joseph Perez (ECF 395-7), and Victoria Brock (ECF 395-4) do not comply with 28 U.S.C. § 1746. Unsworn declarations must be made "in substantially the following form: … "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746. The Boone, Perez, and Brock declarations do not attest to the truthfulness of their statements under penalty of perjury; they merely state "This Declaration was signed by me…." This is not a sufficient attestation to properly bind the declarants to their testimony.

    Second, the declarations of Boone, Perez, Brock and John Hausknecht (ECF 395-5) are not signed in accordance with the rules of this Court. Both Boone and Brock "signed" their declaration using only the "/s/" signature format, and Perez and Hausknecht appear to have used an electronic photograph of a signature. See U.S. District Court for the District of Maryland, Electronic Case Filing Policies and Procedures Manual § III.C.8.b (2020). For non-attorneys, this Court regards such documents as essentially unsigned. <u>Sanchez v. Whole Foods Mkt. Grp., Inc.</u>, 2020 WL 6485086, at *1 (D. Md. Nov. 3, 2020) (noting that a declaration bearing only a "/s/" signature was not in admissible form); <u>Brown v. White's Ferry, Inc.</u>, 280 F.R.D. 238, 244 (D. Md. 2012) (noting that an unsworn statement without the proper attestation or signature would not be considered by the court).

    These declarants' refusal or failure to execute a truthful document under penalty of perjury is substantial and significant, and merits striking Plaintiffs' declarations. In addition, any documents attached to Plaintiffs' declarations should also be stuck, as they cannot be authenticated by the flawed declaration.

    Third, even if Plaintiffs are permitted to cure these invalid declarations, significant portions of the declarations of Boone, Perez, Brock, and Paul Mack (ECF 395-6) should be stricken. Declarations "must be made on personal knowledge, set out facts that would be admissible in

1

evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Laying the proper foundation for the declarant's knowledge requires "more than a bald assertion that the affiant has 'personal knowledge' and is 'competent to testify.'" Goode v. STS Loan & Mgmt., Inc., 2005 WL 106492, at *2 (D. Md. Jan. 14, 2005). "An affidavit or declaration which does not contain firsthand knowledge or otherwise fails to demonstrate the declarant is competent to testify about the matters contained in the affidavit or declaration is of no evidentiary weight and may be struck." Democracy N. Carolina v. N. Carolina State Bd. of Elections, 2020 WL 4288103, at *7 (M.D.N.C. July 27, 2020). Such impermissible testimony includes "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from [one's own] experience.'" Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003) (citing Visser v. Packer Eng'g Assoc., 924 F.2d 655, 659 (7th Cir.1991) (en banc)).

The declarations submitted by Plaintiffs are rife with statements that are clearly not based on the declarants' personal knowledge. For example, the declarations frequently include the phrases "I understand," "I believe," or "I can only assume," and state no basis for this understanding, belief, or assumption. See, e.g., Boone Decl. ¶ 23 ("…I believe these units are still disproportionately white."); Perez Decl. ¶ 24 (same); Mack Decl. ¶ 25 ("I can only assume that the Department has suspended its promotion process…."). The fact witnesses also attempt to improperly testify on several occasions to statistical evidence that cannot logically be drawn from their own lived or observed experiences. See, e.g., Boone Decl. ¶ 7 ("On average, Black and Hispanic candidates have scored lower on promotional tests…."); Perez Decl. ¶ 7 (same).

In their Motion Plaintiffs stretch the limits of such baseless statements. For example, Plaintiff Perez declares: "I am aware of several HNLEA members who have been passed over for promotion, including individuals who were passed over during the 2016 and 2018 cycles." Perez Decl. ¶ 27. Perez states no basis for any personal knowledge of this alleged fact; he is merely "aware." He does not identify who these individuals are, how many of them there were, or how he knows specific details about their promotional status. This vague allusion is then amplified in Plaintiffs' brief, where Plaintiffs rely on Perez's non-specific "awareness" of promotion denials to discuss the specific circumstances of two (still unnamed) individuals. See Plfs.' Motion (ECF 395-1) at 10-11.

Given the lack of personal knowledge underpinning these declarations, Defendants and this Court can only assume Plaintiffs are relying on unreliable hearsay or other second-hand sources. Indeed, on occasion, they reference obvious hearsay while refusing to identify who made the original statement. For example, both Perez and Boone claim that "Many officers have expressed to me that it is extremely discouraging to work in a system where promotions are made on a basis that is fundamentally unfair." Boone Decl. ¶ 14; Perez Decl. ¶ 14. The out-of-court statements of these unnamed officers are obvious hearsay. Defendants and this Court are expected to merely accept these second-hand statements of unnamed witnesses as true, without even the opportunity for verification.

In addition, Plaintiffs' declarations are improper because they contain unsupportable and impermissible opinions and legal conclusions. For example, Plaintiffs make broad and sweeping generalizations about topics as wide-ranging as the impact of minority-officer promotion on the broader community (Boone Decl. ¶ 8; Perez Decl. ¶ 8); the alleged failure of the Department as a

2

whole to "adequately serve the community" (Boone Decl. ¶ 12; Perez Decl. ¶ 12); and the claim that specific promotional exams were broadly "biased" against African-American and Hispanic candidates (Mack Decl. ¶ 15-16). These allegations are legal conclusions and opinions that are not rationally based on Plaintiffs' own perceptions, and as such should be stricken. See Fed. R. Evid. 701.

Thank you for the Court's consideration. The parties have not met and conferred on these issues, however, Defendants invite Plaintiffs to confer if they believe these declarations can be withdrawn without the filing of a motion.

Respectfully submitted,

\_\_\_/s/_____
Craig A. Thompson (Bar No. 26201)

cc: All counsel of record (via CM/ECF filing)