UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| HISPANIC NATIONAL LAW ENFORCEMENT ASSOCIATION NCR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PRINCE GEORGE'S COUNTY, *et al.*, <br><br> Defendants. | Civil Action No. 8:18-cv-03821 <br><br> Hon. Theodore D. Chuang |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants' Motion to Strike (ECF 460) is entirely without merit as a matter of law and fact. Notably, Defendants fail to note or address controlling Fourth Circuit precedent holding that it would be an abuse of discretion to strike declarations supporting a preliminary injunction on evidentiary grounds. The challenged language in the declarations is admissible, comparable language is found in the Defendants' declarations, and, to the extent the declarations reflected procedural defects, Plaintiffs have cured them. There is no basis on which to strike any of the Plaintiffs' declarations.

## ARGUMENT

### I.  ANY PROCEDURAL DEFECTS HAVE BEEN CURED

Defendants did not meet and confer before seeking leave to filing this motion. They first challenged the Boone, Perez, Brock, and Hausknecht declarations on February 10, simultaneous with their opposition. ECF 428 at 1. Plaintiffs have already submitted corrected declarations including the required attestations and signatures with the Reply Brief and this filing. *See* ECF Nos. 432-1-4. Thus, the procedural defects have been resolved and there is no basis for striking the declarations on that ground. *See Machie v. Manger*, 2013 U.S. Dist. LEXIS 92743 at *10 (D. Md. 2013) (permitting resubmission of affidavits that originally contained errors). Defendants' ongoing objections, such as that Plaintiff Boone's declaration "remains unsworn" (ECF 460 at 2) is without merit. *See* ECF 432-5 at 7 ("I declare under the pains and penalties of perjury that the foregoing is true and correct").

### II.  DEFENDANTS' SUBSTANTIVE ARGUMENTS ARE WRONG

**A.  Defendants Have Failed to Cite a Legal Basis for the Court to Strike the Declarations**

Defendants' motion fails to advise the Court of controlling Fourth Circuit precedent that it is an abuse of discretion to evaluate declarations submitted in support of a preliminary injunction for failure to comply with evidentiary standards governing summary judgment and trial. *G.G. ex rel. Grimm v. Gloucester Cnty School Bd.*, 822 F.3d 709, 726 (4th Cir. 2016) *vacated on other grounds*, *Gloucester Cnty. School. Bd. v. G.G. ex rel Grimm*, 137 S. Ct. 1239

1

(Mem) (2017). This is because "[t]he determination whether to grant a preliminary injunction is expected to be based on 'evidence that is less complete than in a trial on the merits.'" *Mancia v. Mayflower Textile Svcs Co.*, 2008 WL 4735344, at *4 (D. Md. Oct. 14, 2008) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).

Moreover, Defendants have failed to cite any rule or statute that authorizes the Court to strike the declarations. The primary case Defendants cite—*Anusie-Howard*, 920 F. Supp. 2d 623 (D. Md. 2013)—concerned a request strike a motion (not a declaration) on the basis of improper service, which the Court denied. That court warned that a court's "inherent powers" to strike filings "must be exercised with restraint and discretion." *Id.* at 627-28 (quotation omitted). The only other case cited by Defendants—*U.S. Equal Employment Opportunity Commission v. MVM, Inc.*, 2018 WL 1882715, at *5 (D. Md. Apr. 19, 2018)—is inapposite. There, this Court struck a declaration because Title VII specifically prohibits disclosure of EEOC conciliation efforts. The content of Plaintiffs' declarations here is not prohibited by statute.

Similarly, Defendants have provided no legal basis for the Court to strike the declaration in their entirety, as opposed to particular sentences or paragraphs. Nor could they, as a number of courts have held that in resolving a motion to strike a declaration of affidavit, the Court should use "'a scalpel, not a butcher knife,' to strike portions of an affidavit. . ." *Gardner v. Group Health Plan,* 2011 WL 1321403, at *3 (E.D.N.C. Apr. 4, 2011) (quoting *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009)).

### B. Plaintiffs' Declarations Do Not Contain Legal Conclusions[1]

Defendants' primary argument that the declarations contain legal conclusions is based on certain declarants' use the words "discrimination" or "cause injury." *See* ECF No. 460 at 4-5 (quoting Perez's statement that he "personally experienced discrimination"). That is a description based on personal observation, not a legal conclusion. That ought to be evident

---

[1] Plaintiffs' responses to Defendants' individual evidentiary objections, along with examples from Defendants' declarations containing the same or similar statements as those they object to, are detailed in Exhibit A.

2

because the Defendants' own declarations make similar observations using the same terms. For example, the Carpenter affidavit submitted by Defendants states that "[n]either I nor FOP 89 has any reason to believe that these written, pass-fail examinations are discriminatory . . . ." ECF No. 427-25 ¶ 11. The majority of the declarations submitted by Defendants similarly observe whether the declarant has experienced or witnessed "retaliation or discrimination on the basis of race." ECF Nos. 427-19 ¶ 19, 427-20 ¶ 46, 427-21 ¶ 17, 427-22 ¶¶ 15, 16. Declarants can and should be able to make these observations. There is simply no merit to Defendants' position.

C. **Plaintiffs' Declarations are Based on Personal Knowledge and Are Not Impermissible Hearsay**

Defendants also challenge isolated statements in the declarations to contend that Plaintiffs have not established a foundation that certain facts are based on personal knowledge. ECF No. 460 at 1-3. Each of the challenged declarations identifies the basis for personal knowledge, namely that each declarant is or was a long-time employee of PGPD, several are senior officers of the UBPOA or HNLEA, and the declarations are based on their experience in those capacities. *See* ECF Nos. 395-3 ¶¶ 2-3, 395-4 ¶ 3, 395-6 ¶ 3, 395-7 ¶¶ 2-3. Boone, Perez, Mack, and Brock all hold or held positions that allowed them significant insight into PGPD's promotions processes and allow them to make observations and give summaries based on their accrued experiences.[2] The personal observations of these officers over time, combined with their positions, make them well-positioned to speak about the interaction between the police force and the community, their own insights into the functioning of specialty units and transfers to Patrol, and the other matters challenged by Defendants.

Numerous courts have recognized that it is reasonable to infer that employees have personal knowledge of an employer's policies, practices, and how the employer operates. *Lujan*

---

[2] Specifically, Victoria Brock worked at PGPD for thirty-four years and attained the rank of Major. ECF No. 432-2, ¶¶ 3-5. Thomas Boone has worked at PGPD for twenty-three years and has served as President of UBPOA for seven of them. ECF No. 432-1, ¶¶ 2-3. Paul Mack has worked at PGPD for twenty-four years and is Vice President of UBPOA. ECF No. 395-6, ¶¶ 2-3. Joseph Perez worked at PGPD for twenty-one years and has been President of HNLEA for over six years. ECF No. 432-4, ¶¶ 2-3.

3

*v. Cabana Mgmt.*, 284 F.R.D. 50, 65 (E.D.N.Y. 2012) (collecting cases). Declarants may "testify to conclusions based on [] personal observations over time" and "summarize their impressions." *Colabufo v. Cont'l Cas. Co.*, 2006 U.S. Dist. LEXIS 28957 at *18 (E.D.N.Y. 2006) (citing *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 465, 461 (S.D.N.Y. 2000) and *Kehoe v. Anheuser-Busch, Inc.*, 995 F.2d 117, 119 n.3 (8th Cir. 1993)). Further, it is proper for declarants to state that they "understand" and "believe" facts to be true as a way of expressing their reasonable inferences and opinions. *Volumetrics Med. Imaging, Inc. v. ATL Ultrasound, Inc.*, 243 F. Supp. 2d 386, 396 (M.D.N.C. 2003) (denying motion to strike declaration that indicated declarant's "understanding" of another person's knowledge or belief).

Defendants' argument that the declarants' accounts of information they have obtained from other employees is impermissible hearsay is similarly misplaced. As district courts in the Fourth Circuit have recognized, employees often gain personal knowledge about an employer's practices through discussions with other employees, and information gained in this way is properly presented to the court through a declaration. *See McCoy v. RP, Inc.*, 2015 U.S. Dist. LEXIS 142521 at *28 (D.S.C. 2015) (denying motion to strike affidavit which did not identify other employees who told affiant about tip pools at other locations of employer); *Robinson v. Empire Equity Group, Inc.*, 2009 U.S. Dist. LEXIS 10767 at *11-12 (D. Md. 2009) (statements based on conversations with "loan officers in other branches" were within declarant's personal knowledge).

Notably, Defendants' own declarations contain statements *virtually identical* to those they challenge as impermissible hearsay in the Plaintiff declarations. For example, Major Ordono's declaration states that he "has spoken with and observed" unnamed officers, and then ascribes motivations to these officers' choices. ECF No. 427-19 ¶¶ 40, 44; *cf.* ECF 460 at 3 ("There is no way for . . . the Court to verify [Defendants] hearsay" either).

The Court should deny Defendants' attempt to prevent Plaintiffs from presenting personal knowledge they have, while permitting Defendants' declarants to rely on hearsay.

4

### D. Challenged Language is Properly Considered in Conjunction with a Motion for Preliminary Injunction

The entire premise of Defendants' motion—that declarations submitted in support of a preliminary injunction should be subject to strict evidentiary standards—is incorrect. ECF No. 460 at 1. In *G.G. ex rel. Grimm*, the Fourth Circuit noted that seven circuit courts of appeal have determined that hearsay evidence is properly considered for the purpose of determining whether to award a preliminary injunction, and specifically instructed that "a district court may . . . rely on[] hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted." *G.G. ex rel. Grimm* at 726 (collecting cases). The Fourth Circuit found it was an abuse of discretion for the district court to exclude plaintiffs' affidavits on the basis that they contained "thoughts of others, hearsay, and suppositions." *G.G. ex. Rel. Grimm*, 822 F. 3d at 725 (quoting G.G., 132 F. Supp. 3d 736, 748 (E.D. Va. 2015)); *accord United States ex rel. Taxpayers Against Fraud v. Link Flight Simulation Corp.*, 722 F. Supp. 1248, 1252 (D. Md. 1989) ("the Court may consider inadmissible affidavits in a preliminary injunction proceeding"). Similarly, the best evidence rule is inapplicable in a preliminary junction proceeding. *SEC v. Thomas*, 2020 U.S. Dist. LEXIS 103200 at *6 (D. Nev. 2020) (overruling evidentiary objections in PI context).

Defendants' objections based on hearsay, the best evidence rule, and improper opinion testimony must therefore be denied. While Defendants urge the Court to ignore the well-settled standards governing preliminary injunction declarations (ECF No. 460 at 2)s, the only case they cite, *New York v. Griepp*, 2018 WL 3518527, at *5 (E.D.N.Y. 2018), stands for the unremarkable proposition that hearsay testimony is admissible when evaluating a preliminary injunction motion, and courts may determine its weight. The argument that the timing of Plaintiffs' motion somehow alters the evidentiary framework at the preliminary injunction phase is similarly incorrect and, unsurprisingly, Defendants cite no case law supporting this proposition.

## CONCLUSION

Defendants' Motion to Strike should be denied.

<div style="display: flex;">
<div>

Dennis A. Corkery (D. Md. Bar No. 19076)
Joanna Wasik (D. Md. Bar No. 21063)
WASHINGTON LAWYERS'
  COMMITTEE FOR CIVIL RIGHTS AND
  URBAN AFFAIRS
700 14th Street NW, Suite 400
Washington, DC 20005
(202) 319-1000
dennis_corkery@washlaw.org

Deborah A. Jeon (D. Md. Bar No. 06905)
ACLU OF MARYLAND
3600 Clipper Mill Road, Suite 350
Baltimore, MD 21211
(410) 889-8555
jeon@aclu-md.org

</div>
<div>

Respectfully submitted,

/s/ Kaitlin Robinson
John A. Freedman (D. Md. Bar No. 20276)
Adam M. Pergament (admitted *pro hac vice*)
Kaitlin Robinson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
John.Freedman@arnoldporter.com
Adam.Pergament@arnoldporter.com

*Counsel for Plaintiffs*

</div>
</div>

6